In the Matter of James Alfred KULL and Nancy Lee Fawcett Kull, Debtors.

GEORGIA RAILROAD BANK & TRUST COMPANY, Appellant,

v.

James Alfred KULL and Nancy Lee Fawcett Kull, Appellees.

In the Matter of Charles E. KITCHENS and Olivia L. Kitchens, Debtors.

GEORGIA RAILROAD BANK & TRUST COMPANY, Safeway Finance Co., Inc. of Georgia, and Capitol Credit Plan of Augusta, Appellants,

v.

Charles E. KITCHENS and Olivia L. Kitchens, Appellees.

In the Matter of Thomas Gordon RUSSELL, Debtor.

GEORGIA RAILROAD BANK & TRUST COMPANY, Appellant,

v.

Thomas Gordon RUSSELL, Appellee.

In the Matter of Allean Delois HARRIS, f/k/a Allean Delois Reed, Debtor.

SAFEWAY FINANCE CO., INC. OF GEORGIA, Appellant,

v.

Allean Delois HARRIS, Appellee.

In the Matter of John Edwin MOORE and Betty R. Moore, Debtors.

SUNAMERICA FINANCIAL CORPORATION, Appellant,

v.

John Edwin MOORE and Betty R. Moore, Appellees.

In the Matter of Charles Gordon BARTLETT and Regina Taylor Bartlett, Debtors.

LIBERTY LOAN CORPORATION d/b/a Consolidated Credit Corporation, Appellant,

v.

Charles Gordon BARTLETT and Regina Taylor Bartlett, Appellees.

In the Matter of Johnnie SMALLWOOD, Jr. and Mary Smith Smallwood, Debtors.

SAFEWAY FINANCE CO., INC. OF GEORGIA, Appellant,

v.

Johnnie SMALLWOOD, Jr. and Mary Smith Smallwood, Appellees.

In the Matter of Johnny Lee WARD, Jr. and Sophia Delores Ward, Debtors.

SAFEWAY FINANCE CO., INC. OF GEORGIA, Appellant,

v.

Johnny Lee WARD, Jr. and Sophia Delores Ward, Appellees.

Bankruptcy Nos. 180–00374, 180–00363, 180–00502, 180–00474, 180–00521, 180–00469, 180–00301 and 179–00450.

Civ. A. Nos. 181–83, 181–08, 181–81, 181–82, 181–79, 181–80, 181–018 and 180–144.

United States District Court, S. D. Georgia, Augusta Division.

July 16, 1981.

## ORDER ON APPEAL

BOWEN, District Judge.

The captioned cases are on appeal from the bankruptcy court. Jurisdiction over such matters is vested in the United States District Court pursuant to the provisions of 28 U.S.C. § 1334 and Title IV § 405(c) of the Bankruptcy Reform Act of 1978. Generally, these provide that an appeal from a judgment, order or decree of a bankruptcy court shall be to the district court for the district in which the bankruptcy court sits. Each of the cases on appeal deals with one or more issues in dispute. Here, the captioned cases have been consolidated on appeal to determine one common issue. To the extent that the captioned cases have individual or other common issues, those issues will be dealt with at another time.

■ The common issue to be treated by this order is that relating to the "good faith" confirmation criteria for Chapter 13 plans as required by section 1325(a)(3) of the Bankruptcy Code. 11 U.S.C. § 1325(a)(3). That code section, in pertinent part, provides that: "The court shall confirm a [Chapter 13] plan if . . . the plan has been proposed in *good faith* and not by any means forbidden by law . . . ." The appellants contend that good faith on the part of a debtor is indicated when the debtor's proposal represents his best efforts to pay his unsecured creditors. Contrarily the bankruptcy court has held the only definable financial commitment of a Chapter 13 debtor in proposing a plan is that his creditors receive more than they would under a

Chapter 7 liquidation. This is the old "best interests of creditors" concept which has long been a part of bankruptcy legislation.[1] The bankruptcy court has also held that the debtor need not utilize his "best effort" to pay his creditors. The bankruptcy court has confirmed Chapter 13 plans which provide for payments to unsecured creditors as low as one percent of their allowed claims. In each of the captioned cases, the bankruptcy court's orders generally convey the understanding that the best effort of the debtor in proposing his plan is not required and that if the plan is otherwise lawful, a plan will be confirmed so long as the debtor proposes to pay more than the creditors would receive under Chapter 7 liquidation as required by section 1325(a)(4) of the Bankruptcy Code. 11 U.S.C. § 1325(a)(4).

Because of the number of Chapter 13 cases pending and usually filed in this district, a definitive statement of the law on the subject is required. The considerations to be accorded by the bankruptcy court in confirming any Chapter 13 plan include the intentions, motivations, and "good faith" of the debtor in proposing his plan. These considerations go to the very heart and original purposes of Chapter 13.

There is no need to belabor a comparison between the original Chapter XIII which first appeared in the Chandler Act of 1938, and the present Reform Act, Chapter 13. The purpose of both of the chapters is the rehabilitation of financially troubled individual debtors through repayment of debt from regular income or wages. Chapter 13 of the Bankruptcy Reform Act codified many judicially imposed expansions of this purpose and enacted others. Regardless of the similarities or dissimilarities between the two chapters, this common theme distinguishes the two of them from other provisions of the Bankruptcy Act of 1898, the Chandler Act of 1938, and the Bankruptcy Reform Act of 1978. The provisions of either chapter, of course, are available to qualify debtors only *as an alternative to straight bankruptcy.*

---

1. *See e. g., Bankruptcy Act*, Ch. XIII § 656(a)(2); Ch. XII § 472(2); Ch. XI § 366(2). The "best interests of creditors" confirmation criteria was noticeably absent from Ch. X of the Bankruptcy Act which, in section 221(2), imposed the "fair and equitable" concept. These are terms of art in the truest sense.

Walter Ray Phillips, associate dean and professor of law at the University of Georgia School of Law, an authority of national recognition in the bankruptcy field, has observed that:

[T]he purpose of the new chapter [Chapter 13] is to enable an individual under court supervision and protection to develop and perform under a plan for the repaying of his debts over an extended period. In some cases, the plan may call for full repayment. In others, it may offer creditors a percentage of their claims in full settlement. During the repayment period, creditors may not harass the debtor or seek to collect their debts. They must receive payments only under the plan. This protection relieves the debtor from indirect and direct pressures from creditors, and enables the debtor to support dependents while repaying creditors at the same time.

*Chapter 13: The Bankruptcy Reform Act,* seminar materials prepared by Dean Phillips in conjunction with a seminar on the Bankruptcy Reform Act of 1978—Institute of Continuing Legal Education in Georgia.

With the advent of the Bankruptcy Reform Act of 1978 and its many sweeping changes in Chapter 13 and other areas, one may easily forget the origins of Chapter 13, even before the Chandler Act of 1938. The history and noble purposes of this curiously humane part of bankruptcy law should not be ignored, especially in the Southern District of Georgia where the "wage earner plan" has been so popular and so much a part of this district court throughout the years.

"Wage earner" plans are a creature of American law, bred, born and suckled in the lore and values of the southeastern United States of America.

Dean Phillips has observed that:

No feature of the Bankruptcy Act has received as much general acclaim as Chapter XIII, entitled "Wage Earners Plans." It was an innovation in the bankruptcy legislation which added the Chandler Act in 1938, but it codified a practice which developed without the sanction of statutory authorization in Birmingham, Alabama, prior to 1938. The Chapter continues to be extensively used in Birmingham and elsewhere in Alabama, and it has also had considerable use in other areas of the country, including notably the districts of Ohio, the districts of California, the districts of Georgia, the district of Tennessee, the district of Kansas, and the district of Maine.

It is against this background and historical perspective that one must view the present "good faith" confirmation criteria which are expressed in section 1325(a)(3). Chapter 13 remains as a program of rehabilitation through payment. It has not changed conceptually by the passage of the Bankruptcy Reform Act of 1978. The Reform Act provisions of Chapter 13 are founded upon rehabilitation and payment of debts.

It would be a travesty of statutory construction to conclude that the Congress in the passage of the Bankruptcy Reform Act had legislated away the noble purpose of rehabilitation through payment of debt. If payment of debt were no longer the purpose of Chapter 13, much of the useful toil, hopes and dreams, and personal satisfaction gained by thousands of debtors who have completed payment of debt extension plans under Chapter 13 would be legislatively repealed. I cannot ascribe such a callous purpose or intent to Congress. There is much to be gained by the repayment of debt. The benefits of payment flow to the debtor and creditor alike.[2]

---

**2.** Georgia's famed Justice Bleckley transformed legal opinion to literature when, in *Robert, et al. v. Tift,* 60 Ga. 566 at 571 (1878), he wrote: The true law, everywhere and at all times, delighteth in the payment of just debts. Blessed is the man that pays. The practice of paying promptly, and to the last cent, tends to the cultivation of one of the most excellent traits of human character. If debtors were guided by their own true interest, on an enlarged scale, they would be even more clamorous to pay than creditors are to receive. Tender would be more frequent than calls for money. Debt is the source of much unhappiness. The best possible thing to be done with a debt is to pay it. Of course, where means are wanting, there must needs be postponement until they can be had.

Current bankruptcy legislation affords to a financially troubled debtor several options for relief. Those debtors who choose to avail themselves of the provisions of Chapter 13 must accept the purposes and logical construction of its provisions.

The parties have cited to the Court many recent decisions of bankruptcy judges which relate to the common issue of the captioned cases now under consideration. There is no precedental authority on the subject in the Fifth Circuit. It appears that the wisdom of Congress left the specifics of interpreting the "good faith" criteria of confirmation to the courts. This congressional restraint has spawned much litigation. Many excellent opinions on the subject appear. Impressive reasoning is displayed by Bankruptcy Judge Paul Jennings, *In re Moss*, 5 B.R. 123 (Bkrtcy.1980); by Bankruptcy Judge Merritt Dietz, *In re Heard*, 6 B.R. 876 (Bkrtcy.1980); by Bankruptcy Judge Harold Lavien, *In re Levine*, 10 B.R. 168 (Bkrtcy.1981) and by Senior District Judge Fox, *In re Polak*, 9 B.R. 502 (D.C.1981). These cases reiterate the fact that payment of debt is the purpose of Chapter 13. These cases do not unanimously hold that a *de minimis* or one percent plan is necessarily unacceptable. Indeed, Judge Jennings confirmed a one percent plan applying subjective criteria to the debtor's plan and individual financial circumstances.

The terminology "good faith" is no stranger to bankruptcy legislation. Similar terms appeared in Chapter XI § 366(4) and Chapter X § 221(3) of the Bankruptcy Act of 1898, as amended. Indeed, Chapter XIII § 656(a)(4) included such words. There is no reason to assume that the words "good faith" as used in the Bankruptcy Reform Act have any meaning different than that which they carried under the prior statutes. In Chapter XIII of the Bankruptcy Act § 656(a)(4), "good faith itself is not defined but generally the inquiry is directed to whether or not there has been an abuse of the provisions, purpose, or spirit of Chapter XIII in the proposal or plan." 10 *Collier on Bankruptcy*, ¶ 29.06[6] (14th ed.). In Chap-

ter XI considerations, the treatise said: "A comprehensive definition of good faith is not practical. Broadly speaking, the basic inquiry should be whether or not under the circumstances of the case there has been an abuse of the provision, purpose or spirit of Chapter XI in the proposal or acceptance of the arrangement." 9 *Collier on Bankruptcy*, ¶ 9.20 (14th ed.). Thus, a determination of "good faith" is directly related to the purposes and spirit of the endeavor upon which the debtor is about to undertake. The use of this "good faith" in the current legislation is too synonymous and too closely related with the historical concepts and prior statutory language to be merely coincidental. It should not be subject to a different interpretation. Accordingly, "good faith" as used in section 1325(a)(3) of the Bankruptcy Code requires that a debtor be committed to the purpose and spirit of Chapter 13. The purpose and spirit of Chapter 13 is rehabilitation and repayment.

It should be noted here that Chapter 13 provides that the bankruptcy judge shall preside over confirmation proceedings. If confirmation depended entirely upon arithmetical computations or the absence of illegal activity in the case, there would be no need for a judge. Confirmation of a Chapter 13 plan requires the exercise of judicial discretion and assessment of evidence by a bankruptcy judge. The good faith requirement is one of the central, perhaps the most important confirmation finding to be made by the court in any Chapter 13 case. Each case must be judged on its own facts. It is conceivable that a *de minimis* plan could be confirmed just as it is conceivable that the court may require the debtor to repay the full amount of his debts. There can be no fixed percentage or blanket financial requirement which every debtor must meet. Such a requirement obviates the very clear need for individual judicial assessment of cases. Chapter 13 cases must proceed on an individual, subjective consideration of the evidence and circumstances peculiar to each. These may require one debtor to pay more or less on his creditors' claims than would another.

The orders entered by the bankruptcy judge in the captioned cases do not reflect such a consideration. It appears that the effort of the debtor to repay his debts, whether meaningful, substantial or best efforts, have been termed "immaterial." In effect, the bankruptcy judge has concluded that any percentage of payment proposed by a debtor will be confirmed if it is more than creditors would receive in straight liquidation. Such a rule is impermissible. The true test of good faith is whether a debtor proposes to pay his creditors an amount sufficient to warrant the court's finding that the debtor is committed to the purpose and spirit of Chapter 13.

When considering the question of confirmation of any Chapter 13 plan, the bankruptcy court should consider the totality of circumstances. It is established that the purpose and spirit of Chapter 13 are rehabilitation and repayment. With respect to the law, in addition to the other sections of the Bankruptcy Code, the bankruptcy court should consider all of the section 1325 confirmation criteria at any section 1324 confirmation hearing. The other five listed criteria of section 1325(a) are fairly self-explanatory. When considering a plan for confirmation and applying the provisions of section 1325(a)(3) of the Bankruptcy Code, the bankruptcy court must consider, but not be limited to, the following:

(a) the amount of income of the debtor and the debtor's spouse from all sources;

(b) the regular and recurring living expenses for the debtor and his dependents;

(c) the amount of the attorney's fees to be awarded in the case and paid by the debtor;

(d) the probable or expected duration of the Chapter 13 plan;

(e) the motivations of the debtor and his sincerity in seeking relief under the provisions of Chapter 13;

(f) the ability of the debtor to earn and the likelihood of future increase or diminution of earnings;

(g) special situations such as inordinate medical expense, or unusual care required for any member of the debtor's family;

(h) the frequency with which the debtor has sought relief under any section or title of the Bankruptcy Reform Act or its predecessor's statutes;

(i) the circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealing with his creditors;

(j) whether the amount or percentage of payment offered by the particular debtor would operate or be a mockery of honest, hard-working, well-intended debtors who pay a higher percentage of their claims consistent with the purpose and spirit of Chapter 13;

(k) the burden which the administration of the plan would place on the trustee; and

(*l*) the salutary rehabilitative provisions of the Bankruptcy Reform Act of 1978 which are to be construed liberally in favor of the debtor.

This Court will not impose a test of semantics or vernacular for use by the bankruptcy court in Chapter 13 cases. Any terms of art which are not legislatively enacted, such as "best efforts," "meaningful," or "substantial," would only be subject to further construction, interpretation, or elaboration. It should suffice to say that the bankruptcy court should hear the evidence and consider the law to make a determination as to whether the debtor has offered to his creditors through the court a plan of payment which under his individual circumstances, satisfies the purposes and spirit of Chapter 13, that is rehabilitation and repayment of debt. In *In re Heard*, 6 B.R. 876 (Bkrtcy.1980), Bankrutpcy Judge Merritt S. Dietz, Jr. of the Western District of Kentucky, rejected "best effort" on the part of the debtor as the determinative or controlling factor underlying the statutory terminology of "good faith." But, as Bankruptcy Judge Dietz states: "[B]est effort is a stricter standard of performance than good faith." Nevertheless, whether the debtor makes his best effort to pay his

creditors as much as possible under the circumstances, or any other degree of effort which the debtor employs, may be considered by the bankruptcy judge in confirmation hearings. Likewise, whether the debtor is offering a *meaningful* or *substantial* payment to creditors should also be considered. It would seem senseless to afford to debtors all of the opportunity and advantages available under Chapter 13 for nothing in exchange. In a one percent plan, even though that is the best that a debtor could possibly do, payments to creditors may easily be less than the cost of posting or crediting payments or the cost of mailing statements of account. Such a plan could be patently unfair to creditors.

In short, construing and interpreting the good-faith confirmation requirements of section 1325(a)(3) of Chapter 13 to the facts and circumstances of the individual case and debtor is a matter of judgment and common sense. Nothing else will do. While one percent plans are not prohibited, they are peculiarly suspect. Bankruptcy Judge Deitz lucidly writes:

> If the ancient admonition *de minimis non curat lex* retains its vitality, we will intone it one further time. To propose to this Court that there is a distinction between a Chapter 7 liquidation plan and a Chapter 13 "one percent plan" is to propose a distinction without a difference, which is an intellectual artifice. . . .

*In re Heard,* 6 B.R. 876 (Bkrtcy.1980) at p. 885.

Additional cases not cited in this opinion which have bearing on this subject may be gleaned from the laboriously compiled appendices in *Heard, supra,* at pp. 885–86.

In each of the captioned cases, the bankruptcy judge has applied an incorrect conclusion of law. In each of the captioned cases, the order confirming the debtor's plan is vacated. The bankruptcy court will reconsider the question of confirmation in each of the captioned cases, and in Chapter 13 cases generally hereafter, consistent with this opinion and the instructions given. Confirmation hearings under 11 U.S.C. § 1324 on remand should be conducted expeditiously as possible, and in any event within ninety days of the entry of this order.

In that this decision will have a district-wide impact and will affect many cases in all of the divisions of this district, I have circulated a copy of this order to the other district judges and they have authorized me to state their concurrence herein.

Accordingly, the order of confirmation from which the appellant appeals in each of the captioned cases is vacated and these Chapter 13 cases are remanded to the bankruptcy court for further action consistent with this opinion. Each of the parties shall bear their own costs.