Paul C. Parker, Decatur, Ga., J. Sam Plowden, Atlanta, Ga., for appellees.

**In re Cecil N. McKITHAN, Debtor.**

**FINANCE ONE OF GEORGIA, INC., Appellant,**

v.

**Cecil N. McKITHAN, et al., Appellees.**

**Bankruptcy No. 81–05186A.**
**Civ. A. No. C82–957A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Aug. 30, 1982.

ORDER

SHOOB, District Judge.

This is an appeal from the bankruptcy court's confirmation of a debtor's Chapter 13 personal reorganization plan. The sole issue to be determined is whether the plan was proposed in good faith as required by 11 U.S.C. § 1325(a)(3).

The debtor, Cecil McKithan, proposed a plan pursuant to Chapter 13 of the Bankruptcy Act of 1978, 11 U.S.C. §§ 1301–30, under which he would pay secured claims to the extent of the value of the security and 1% of all unsecured claims. The bankruptcy judge confirmed the plan over the objections of Finance One of Georgia, Inc. ("Finance One"), an unsecured creditor. Finance One now appeals, contending that the plan does not meet the requirement of 11 U.S.C. § 1325(a)(3) that it "has been proposed in good faith and not by any means forbidden by law."

Congress has not set forth a definition of "good faith" under § 1325(a)(3) and has only given guidelines under § 1325(a)(4) as to the minimum amount that unsecured

creditors must receive.[1] The interpretation of "good faith" thus lies with the courts, and judges have been unable to arrive at a uniform view.

Appellant relies on the case of *In re Kull*, 12 B.R. 654 (D.C.S.D.Ga.1981) (Bowen, J.). In that case Judge Bowen held that

the bankruptcy judge has concluded that any percentage of payment proposed by a debtor will be confirmed if it is more than creditors would receive in straight liquidation. Such a rule is impermissible. The true test of good faith is whether a debtor proposes to pay his creditors an amount sufficient to warrant the court's finding that the debtor is committed to the purpose and spirit of Chapter 13.

*Id.* at 659. He then went on to supply a list of twelve criteria which were to guide the bankruptcy judge in determining the presence or absence of good faith:

When considering a plan for confirmation and applying the provisions of section 1325(a)(3) of the Bankruptcy Code, the bankruptcy court must consider, but not be limited to, the following:

(a) the amount of income of the debtor and the debtor's spouse from all sources;

(b) the regular and recurring living expenses for the debtor and his dependents;

(c) the amount of the attorney's fees to be awarded in the case and paid by the debtor;

(d) the probable or expected duration of the Chapter 13 plan;

(e) the motivations of the debtor and his sincerity in seeking relief under the provisions of Chapter 13;

(f) the ability of the debtor to earn and the likelihood of future increase or diminution of earnings;

(g) special situations such as inordinate medical expense, or unusual care required for any member of the debtor's family;

(h) the frequency with which the debtor has sought relief under any section or title of the Bankruptcy Reform Act or its predecessor's statutes;

(i) the circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealing with his creditors;

(j) whether the amount or percentage of payment offered by the particular debtor would operate or be a mockery of honest, hard-working, well-intended debtors who pay a higher percentage of their claims consistent with the purpose and spirit of Chapter 13;

(k) the burden which the administration of the plan would place on the trustee, and

(*l*) the salutary rehabilitative provisions of the Bankruptcy Reform Act of 1978 which are to be construed liberally in favor of the debtor.

*Id.* In addition to these criteria, the court in *Kull* also recommended that the bankruptcy judge consider whether the debtor is offering a "meaningful" and "substantial" payment to creditors. Whether the debtor is making his "best effort", or any other degree of effort, may also be considered by the bankruptcy court. *Id.* at 660.

In the instant case Finance One contends that the bankruptcy judge erred by not considering the twelve criteria outlined in *Kull*. Had these criteria been applied, appellant argues, the debtor's proposed plan would have failed the test of good faith on several points.

First, appellant points out that the full amount to be paid under the plan is $696.52, which represents $146.52 to creditors and $550.00 to the debtor's attorney, or an almost four to one ratio of attorney's fees to creditors' recovery.[2] Referring to criterion

---

1. Section 1325(a)(4) requires confirmation of a plan if "the value, as of the effective date of this plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtors were liquidated under Chapter 7 of this title on such date."

2. There is some confusion about the actual amount of attorney's fees to be paid under the plan. Apparently, the correct figure is $450.00, *see* Transcript of Proceedings before Bankruptcy Judge at 7, rather than the $550.00 quoted by appellant in his brief. This would mean that attorney's fees would comprise approximately 75%, and creditors' recovery approximately

(c) from *Kull,* appellant argues that such a high ratio is indicative of a bad faith proposal.

Second, appellant notes that at the rate of payment of $260.00 per month under the plan, plaintiff's entire debt will be discharged in less than three months. Relying on criterion (d), appellant contends that such a short period of repayment also reflects bad faith.

Finally, appellant contends that a 1% repayment plan for unsecured creditors does not constitute a meaningful and substantial effort to repay creditors. Under criterion (j), appellant argues, a proposal to pay such a small percentage of unsecured claims should be deemed made in bad faith.

The bankruptcy judge overruled each of appellant's objections, relying on the case of *In re Purdy,* 16 B.R. 847 (D.C.N.D.Ga.1981) (Murphy, J.). In *Purdy* Judge Murphy confirmed a plan that paid nothing to unsecured creditors, despite objections that such a plan had not been proposed in good faith pursuant to § 1325(a)(3). After studying the lengthy legislative history of the Bankruptcy Code, Judge Murphy found "no support for the proposition that § 1325(a)(3)'s 'good faith' requirement actually means 'meaningful' payments to unsecured creditors under a Chapter 13 plan." *Id.* at 858. Rather, he agreed with the line of cases holding that § 1325(a)(4), which requires that creditors receive at least as much in a Chapter 13 plan as they would have if the debtor liquidated under Chapter 7, is the only standard for evaluating sufficiency of repayment to unsecured creditors. Hence " 'good faith' in § 1325(a)(3) was [not] meant to require anything other than its traditional meaning of honesty in fact or intent." *Id.* at 859 (citation omitted).

Appellant argues that *Purdy* is not inconsistent with *Kull* because Judge Murphy recognized that there may be "circumstances where the future income of the debtor and the amount of unsecured claims would warrant payments to unsecured creditors,

and failure to do so would be an abuse of the spirit and purpose of Chapter 13." *Id.* However, Judge Murphy found *Purdy* not to be such a case and declined to sketch the parameters of "good faith" in his order.

This Court has carefully studied both Judge Murphy's and Judge Bowen's well-reasoned opinions on the "good faith" issue and sees no need to review here again the conflicting authority on this frequently litigated question. All agree that the term "good faith" is ambiguous and that the legislative history of § 1325(a)(3) does not clearly reveal its rationale. Judges differ, however, as to how far the bankruptcy court, in the absence of clear congressional directives, should go in developing its own confirmation standards under the "good faith" rubric. Judge Murphy argues persuasively that "good faith" should be limited to its traditional meaning of "honesty in fact or intent." Nevertheless, one other Judge from this District has expressly followed Judge Bowen's opinion in *Kull* and adopted the twelve criteria of good faith set out there. *See Huff v. Southern Discount Co.,* C81–1305A (N.D.Ga. Nov. 20, 1981) (Vining, J.). *Kull* has also been cited with approval by one court of appeals. *See In re Rimgale,* 669 F.2d 426, 431 n.14 (7th Cir. 1982).

The *Rimgale* court recognized that the inquiry into good faith "imposes a considerable responsibility on bankruptcy judges. And the conduct comprehended under the rubric 'good faith' will have to be defined on a case by case basis as the courts encounter various problems in the administration of Chapter 13's provisions." *Id.* at 431. The court agreed that the good faith requirement cannot be used to read into the statute any minimum levels of repayment that a debtor must propose to qualify for Chapter 13 relief, but also found that "the opposite extreme, that the good faith requirement adds nothing to the other criteria for confirmation, is equally unsupportable." *Id.* at 432.

25%, of the total payments under the plan, or a 3:1 rather than a 4:1 ratio of attorney's fees to creditors' recovery. This discrepancy, how-

ever, does not affect the Court's decision on the merits.

This Court finds the reasoning of the Seventh Circuit persuasive. Any perceived inconsistency between *Purdy* and *Kull* is more apparent than real. Both cases agree that good faith is lacking where a proposed plan amounts to an abuse of the "purpose and spirit" of Chapter 13, *compare Purdy, supra,* at 859 *with Kull, supra,* at 659. This does not mean that the bankruptcy court may impose a minimum repayment level apart from that set out in § 1325(a)(4). This was the holding in *Purdy.* However, it does mean that the bankruptcy judge must exercise his discretion in determining whether, apart from compliance with § 1325(a)(4), the debtor's plan comports with the spirit and purpose of Chapter 13, and is therefore proposed in good faith.

This Court does not believe it is necessary to adopt the criteria set out in *Kull* or to make its own recommendations with respect to any guidelines to be followed by the bankruptcy judge in applying § 1325(a)(3). As the statute stands now, and until there is some definitive resolution of this issue by the Eleventh Circuit, the good faith determination under Chapter 13 is committed to the sound discretion of the bankruptcy judge, who may draw on his special expertise in these matters.

It appears that the judge in the instant case failed to exercise his discretion because of his belief that *Purdy* required confirmation of the debtor's plan so long as it did not propose lesser payments than would be required under a Chapter 7 liquidation. *See* Transcript of Proceedings before Bankruptcy Judge at 8–10. Therefore, the order of confirmation must be VACATED and the case REMANDED to the bankruptcy court so that the judge may determine whether, in his sound discretion, the debtor's plan has been proposed in good faith. The results of that inquiry should be reduced to specific findings, so that meaningful review of the judge's conclusions is possible.

IT IS SO ORDERED, this 30th day of August, 1982.