In the Matter of Charlene Edwina STEVENS, Debtor.

Dwight A. WELLS and Vikki A. Wells, Plaintiffs,

v.

Charlene Edwina STEVENS, Defendant.

Bankruptcy No. 3–81–02970.
Adv. No. 3–81–0783.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Dec. 21, 1982.

Risa McCray, Dayton, Ohio, for defendant.

Dennis A. Lieberman and David H. Landon, Dayton, Ohio, for plaintiffs.

George W. Ledford, Englewood, Ohio, trustee.

DECISION AND ORDER

ELLIS W. KERR, Bankruptcy Judge.

FACTS

Plaintiffs, Dwight A. Wells and Vikki A. Wells, filed this adversary proceeding in which they object to the confirmation of Defendant-Debtor's, Charlene Edwina Stevens, Chapter 13 plan in bankruptcy. The complaint alleges that Debtor committed certain acts constituting fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny and that therefore the debt to Plaintiffs is nondischargeable under 11 U.S.C. § 523(a)(4).

Defendant's answer denies Plaintiffs' allegations and asserts that even if Plaintiffs' allegations are true, the debt is founded simply on contract and not a debt while acting in a fiduciary capacity.

Defendant then moved for a summary judgment under Fed.R. Civ.P. 56 and attached to said motion an affidavit of Defendant. Plaintiffs filed a "Memorandum in Opposition to Debtor's Motion for Summary Judgment."

## CONCLUSIONS OF LAW

The relevant portion of Fed.R.Civ.P. 56(c) reads as follows:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is *no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.*" (Emphasis Supplied)

■ Based on a review of the pleadings and Defendant's affidavit, it is clear that genuine issues as to material facts do in fact exist and that therefore a grant of summary judgment is inappropriate.

Plaintiffs' complaint alleges that upon a discovery of Defendant's breach of fiduciary responsibilities, Plaintiffs obtained a signed note from Defendant for $1,000.00 plus interest and that said note was a partial "payment" for the funds diverted by Defendant. Plaintiffs also maintain that Defendant subsequently agreed in a letter to sign a second note payable to Plaintiffs for $2,058.62 plus interest as total payment of the money diverted by Defendant and that the total debt is $2,223.31.

Neither Defendant's answer nor affidavit refers to a note. However, Defendant did list Plaintiffs in her bankruptcy schedules as unsecured creditors in the amount of $2,223.31. Plaintiffs filed a proof of claim for $2,223.31 and attached a promissory note in the amount of $1,000.00 alleged to be signed by the Defendant.

Initially, then, it is somewhat uncertain whether Defendant even concedes that a debt exists. Assuming that a debt does exist, the material facts surrounding the creation of the debt and the subsequent note are not merely unclear, they are in fact unknown to the Court at this time. (As mentioned, Defendant's affidavit is devoid of reference to a note.) The Court is unable on the basis of the record before it to determine the operative facts of the transactions between Plaintiffs and Defendant and, therefore, obviously unable to state that no genuine issues as to material facts exist.

■ Defendant briefly raises the point in her memorandum that even if Plaintiffs could prove that there was a breach of the agreement by Defendant, the debt could still be discharged under the discharge provisions of Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1328. It appears that Defendant is requesting a Judgment on the Pleadings, based on the proposition that even if Plaintiffs could prove the debt to be nondischargeable under 11 U.S.C. § 523(a)(4), it is nevertheless as a matter of law dischargeable under 11 U.S.C. § 1328.

The case law concerning the applicability of § 523 to § 1328 of the Bankruptcy Code is both extensive and sharply divided. We must note, however, a recent case of our Court of Appeals, *Memphis Bank & Trust Co. v. Whitman,* 692 F.2d 427 (6th Cir.1982), in which the Court addressed the question of whether a debt fraudulently obtained and placed in a Chapter 13 plan constitutes bad faith:

"The 'good faith' requirement is neither defined in the Bankruptcy Code nor discussed in the legislative history. The phrase should, therefore, be interpreted in light of the structure and general purpose of Chapter 13. Obviously the liberal provisions of the new Chapter 13 are subject to abuse, and courts must look closely at the debtor's conduct before confirming a plan. We should not allow a debtor to obtain money, services or products from a seller by larceny, fraud or other forms of dishonesty and then keep his gain by filing a Chapter 13 petition within a few days of the wrong. To allow the debtor to profit from his own wrong in this way through the Chapter 13 process runs the risk of turning otherwise honest consumers and shopkeepers into knaves. The view that the Bankruptcy Court should not consider the debtor's pre-plan conduct in incurring the debt appears to give too narrow an interpretation to the good faith requirement. *See, e.g., Matter of Kull,* 12 B.R. 654, 659 (S.D.Ga.1981) (among the facts a court should consider to determine whether a debtor has acted

in good faith are 'the circumstances under which the debtor contracted his debts and his demonstrated bona fides, or lack of same in dealing with his creditors.')

One way to refuse to sanction the use of the bankruptcy court to carry out a basically dishonest scheme under Chapter 13 is to deny confirmation to the proposed plan. When the debtor's conduct is dishonest, the plan simply should not be confirmed. Unless courts enforce this requirement, the debtor will be able to thwart the statutory policy denying discharge in Chapter 7 cases for dishonesty.

Another way to deal with the problem when the conduct is questionable but is not shown to be dishonest, as the Bankruptcy Court found it to be in the instant case, is to require full payment in accordance with the contract." *Id.* at 431–32.

It is apparent from the foregoing that we may not state unequivocally and as a matter of law that Plaintiffs' allegations, if proven true, would not preclude the confirmation of Defendant's Chapter 13 plan. An evidentiary hearing (or stipulations in lieu of such hearing) is necessary in order for the Court to determine the circumstances surrounding the creation of Defendant's debt and the dealings between the parties.

It is, therefore, ORDERED that Defendant's motion for summary judgment be denied.

It is further ORDERED that this matter be set for Conference in the Law Library Conference Room, 8th Floor, Federal Building, U.S. Courthouse, 200 West Second Street, Dayton, Ohio, 45402 at 9:00 a.m. on January 19, 1983.