**In Re Donald S. CARR and Mary E. Carr, Debtors.**

**Bankruptcy No. 1–88–03479.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Jan. 11, 1989.

Bernard W. Southgate, IV, Covington, Ky., for debtors.

William R. Schumacher, Cincinnati, Ohio, Trustee.

## ORDER RE CONFIRMATION

BURTON PERLMAN, Chief Judge.

This Chapter 13 case came on for hearing on confirmation.

Debtors' plan provides for the payment to the trustee monthly of $1,050.00 for a period of 36 months. Monthly payments to three secured creditors totaling $900.00 are expressly provided. The plan provides for 30% payment to unsecured creditors. The schedules provided by debtors show unsecured indebtedness in the amount of $77,-690.18. This is accounted for by significant purchases on 12 credit cards, 16 "consumer credit purchases", a revolving credit line, and a signature loan. No objection to confirmation of the plan was filed by any creditor.

Upon inquiry by the court at the confirmation hearing, we were informed by debtors that debtor Donald Carr had been employed in the east at a substantial rate of remuneration. For personal reasons, he returned to this area, but was unable to secure employment at compensation comparable to that he had been earning. At the hearing, we were informed further that debtors set out to maintain their standard of living at the level to which they had been accustomed, and did so by the mechanism of drawing cash on their credit cards. Throughout the period that this was happening, debtor Mary Carr had been employed in this vicinity, her gross income for 1987 having been $27,822.09. The debtors have two children. What impresses us from this account is that debtors made no effort to accommodate themselves to their actual circumstances. They were certainly far from being destitute in view of Mary Carr's income. They incurred enormous unsecured debt from many creditors to support a lifestyle they simply could not afford.

We reserved decision on confirmation at the conclusion of the hearing because of the circumstances of this extraordinary case. We find ourselves considerably conflicted in this situation. On the one hand, the monthly payment proposed to be paid to the trustee is not unreasonable given the present circumstances of these debtors. Furthermore, no creditor has objected to the plan. On the other hand, it is our perception that a bankruptcy judge has an obligation to preserve the integrity of the bankruptcy process. It is this conflict which led us to reserve decision on confirmation.

Upon further consideration, we have reached the conclusion that we must deny confirmation of the plan proposed. *In re Okoreeh–Baah*, 836 F.2d 1030 (6th Cir. 1988) dealt with the requirement for good faith to be found at 11 U.S.C. § 1325(a)(3). More specifically, it clarified the position taken in *Memphis Bank and Trust Company v. Whitman*, 692 F.2d 427 (6th Cir. 1982), regarding questionable pre-plan conduct. *Okoreeh–Baah* mandates that we apply an analysis of the totality of the debtors' circumstances. It reaffirms *Memphis Bank* in its holding that pre-plan conduct is relevant to a determination of good faith. Both *Okoreeh–Baah* and *Memphis Bank* cite with approval the decision in *In re Kull*, 12 B.R. 654 (D.Ct.M.D.Ga.1981). *Kull* held that in a consideration of good faith, for Chapter 13 purposes, a number of factors might be considered. Among them is "the circumstances under which the debtor has contracted his debts."

We think that this is a case where the question of pre-plan conduct is consequential and should enter into our conclusion on the existence of good faith with respect to confirmation. In defense of the bankruptcy system, we cannot confirm a Chapter 13 plan at 30% for unsecured creditors, where the incurring of the debt was not for an acceptable purpose, but rather was for the maintaining of an artificial standard of living, given the circumstances of the debtors.

Adopting the language of the *Okoreeh–Baah* case, if this is not dishonest conduct, it is at least questionable conduct. In these circumstances, and in the absence of objection by creditors, we cannot deny confirmation outright. We can, however, require a maximum effort toward repayment of creditors on the part of these debtors. What is presently presented is not a maximum effort. Debtors could increase the amount that they propose to pay to their creditors. They could do this by extending

the length of the plan to the full extent permitted by law.

Confirmation is denied. Debtors shall have thirty (30) days within which to file an amended plan. If they fail timely to do so, the case will be dismissed.

So Ordered.