In the Matter of David Meryl **BELT, III,** Debtor.

**Bankruptcy No. 88–31953 HCD.**

United States Bankruptcy Court, N.D. Indiana, South Bend Division.

March 8, 1989.

Steven Hostetler, Mishawaka, Ind., for debtor.

Jeffery Johnson, South Bend, Ind., for estate of Richard A. Kuchik.

## MEMORANDUM OF DECISION

HARRY C. DEES, Jr., Bankruptcy Judge.

This matter is before the court on the Estate of Richard A. Kuchik's ("Creditor")

MOTION TO DISMISS BANKRUPTCY OF DAVID MERYL BELT, III, filed on December 20, 1988 and the Creditor's verbal objection to confirmation of the debtor's Chapter 13 Plan of Reorganization. The immediate matter at hand concerns the Creditor's demand for an evidentiary hearing on the issue of the debtor's good faith and the debtor's contention that, at best, oral arguments and a briefing opportunity are appropriate as this matter involves only legal issues. The court took this issue under advisement on January 27, 1989, and for the reasons set out below, the court finds that an evidentiary hearing is necessary on the limited factors set out below.

### Discussion

The 7th Circuit has previously spoken on the issue of "good faith" in a chapter 13 case and stated that "the good faith requirement is one of the central, perhaps the most important confirmation finding to be made by the court in any chapter 13 case." *Ravenot v. Rimgale (In re Rimgale)*, 669 F.2d 426, 431 n. 14 (7th Cir.1982) (quoting *Georgia Railroad Bank & Trust Co. v. Kull (In re Kull)*, 12 B.R. 654, 658 (D.Ga. 1981), *aff'd sub nom. Kitchens v. Georgia Railroad Bank & Trust Co. (In re Kitchens)*, 702 F.2d 885 (11th Cir.1983)); *In re Smith*, 848 F.2d 813, 817 (7th Cir.1988).

As with other terms of art used in the Bankruptcy Code, "good faith" is not defined in the code or in the legislative history. The courts have concluded that no precise or comprehensive definition of "good faith" is possible. *In re Hawes*, 73 B.R. 584, 587 (Bankr.E.D.Wis.1987). Instead, the majority of the courts including the 7th Circuit have held that a determination of "good faith" must be made on a case by case basis, *Rimgale*, 669 F.2d at 431, utilizing a "totality of the circumstances" analysis. *Smith*, 848 F.2d at 821.

The 7th Circuit in *Rimgale* and *Smith* set out a non-exhaustive list of relevant factors to be considered in the "totality of circumstances" analysis of "good faith." [1] The court also stated that the bankruptcy court "... should explore if and when [the debtor], when assessing his scheme's downside, relied upon the favorable prospect of using bankruptcy law to avoid repaying his fraudulently won gain." (cites omitted) *Smith*, 848 F.2d at 821. In addition the court favorably cited other relevant factors such as those set out in *Kull*. [2]

---

**1.** "... *Rimgale* set forth a non-exhaustive list of relevant factors as follows:
  (1) Does the proposed plan state [debtor's] secured and unsecured debts accurately?
  (2) Does it state [debtor's] expenses accurately?
  (3) Is the percentage of repayment of unsecured claims correct?
  (4) If there are or have been deficiencies in the plan, do the inaccuracies amount to an attempt to mislead the bankruptcy court?
  (5) Do the proposed payments indicate 'a fundamental fairness in dealing with one's creditors,' *In re Beaver*, 2 B.R. 337, 340 (Bankr.S.D. Cal.1980)?
  669 F.2d at 432–33 (footnotes omitted).
  The bankruptcy court properly considered the fifth *Rimgale* factor, whether Smith's plan evinced 'a fundamental fairness,' but without explanation failed to adhere to footnote 22 to the *Rimgale* opinion, which elaborated upon what 'fundamental fairness' means. Footnote 22 provided as follows:
  '22. In this connection, the bankruptcy court may wish to examine the timing of the bankruptcy filings, the proportion of the total unsecured debt that is represented by the [state tort] judgment, and the equities of classifying together ordinary consumer debt and a judgment debt arising out of intentionally tortious conduct. *See, In re Sanders*, 13 B.R. 320, 322–323 (Bankr. D.Kans.1981) (Classification of claims governed by Section 1122, which provides that 'a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class;' claims subject to discharge only under Chapter 13 are not 'substantially similar' to fully dischargeable claims.')"
  *Smith*, 848 F.2d at 817.

**2.** "When considering the question of confirmation of any Chapter 13 plan, the bankruptcy court should consider the totality of circumstances. It is established that the purpose and spirit of chapter 13 are rehabilitation and repayment. With respect to the law, in addition to the other sections of the Bankruptcy Code, the bankruptcy court should consider all of the section 1325 confirmation criteria at any section 1324 confirmation hearing. The other five listed criteria of section 1325(a) are fairly self-explanatory. When considering a plan for confirmation and applying the provisions of section 1325(a)(3) of the Bankruptcy Code, the bankruptcy court must consider, but not be limited to, the following:
  (a) the amount of income of the debtor and the debtor's spouse from all sources;

■ A bankruptcy judge's finding on the issue of "good faith" is a finding of fact reviewable under the clearly erroneous standard. *Downey Savings and Loan Association v. Metz (In re Metz)*, 820 F.2d 1495, 1497 (9th Cir.1987). Therefore the bankruptcy court must receive evidence and testimony and consider the law based on the "totality of circumstances" analysis set out above. *Kull*, 12 B.R. at 659.

■ The court is bound by the 7th Circuit's holding in *Smith* in that we must consider "good faith" in filing the plan as well as the petition. Therefore, the same analysis that is applied to an objection to the plan on "good faith" grounds would also be appropriate in a motion to dismiss on "good faith" in filing the petition.[3]

The initial inquiry then is whether, "... under the circumstances of the case there has been abuse of the provisions, purpose, or spirit of the chapter in the proposal ..." *Rimgale*, 669 F.2d at 431 (quoting *Tenney v. Terry (In re Terry)*, 630 F.2d 634, 635 (8th Cir.1980)).

Accordingly, the court finds that the issue of "good faith" will be determined af-

(b) the regular and recurring living expenses for the debtor and his dependents;

(c) the amount of the attorney's fees to be awarded in the case and paid by the debtor;

(d) the probable or expected duration of the chapter 13 plan;

(e) the motivations of the debtor and his sincerity in seeking relief under the provisions of chapter 13;

(f) the ability of the debtor to earn and the likelihood of future increase or diminution of earnings;

(g) special situations such as inordinate medical expense, or unusual care required for any member of the debtor's family;

(h) the frequency with which the debtor has sought relief under any section or title of the Bankruptcy Reform Act or its predecessor's statutes;

(i) the circumstances under which the debtor has contracted his debts and his demonstrated *bona fides,* or lack of same, in dealing with his creditors;

(j) whether the amount or percentage of payment offered by the particular debtor would operate or be a mockery of honest hard-working, well-intended debtors who pay a higher percentage of their claims consistent with the purpose and spirit of chapter 13;

(k) the burden which the administration of the plan would place on the trustee; and

(*l*) the salutary rehabilitative provisions of the Bankruptcy Reform Act of 1978 which are to be construed liberally in favor of the debtor."

*Kull,* 12 B.R. at 659.

"... Nevertheless, whether the debtor makes his best effort to pay his creditors as much as possible under the circumstances, or any other degree of effort which the debtor employs, may be considered by the bankruptcy judge in confirmation hearings. Likewise, whether the debtor is offering a meaningful or substantial payment to creditors should also be considered. It would seem senseless to afford to debtors all of the opportunity and advantages available under chapter 13 for nothing in exchange. In a one percent plan, even though that is the best that a debtor could possibly do, payments to creditors may easily be less than the cost of posting or crediting payments or the cost of mailing statements of account. Such a plan could be patently unfair to creditors."

*Id.,* at 660.

3. "A debtor's 'pre-petition' and 'pre-plan' conduct could theoretically satisfy the same good faith test. The problem here is that, in contrast to [*In the Matter of* ] *Madison Hotel* [749 F.2d 410 (1984) ], the bankruptcy court did not make an adequate finding of good faith at either the petition or the plan stage. § 1307(c) provides that the bankruptcy court may convert a case under chapter 13 to chapter 7, or may dismiss a chapter 13 case, 'whichever is in the best interests of creditors and the estate, for cause, including ... denial of confirmation of a plan under section 1325.' Thus, under § 1307's express language, a petition is to be rejected for the same reasons that a plan would not be confirmed, including a lack of good faith. In addition, the procedural schedules dictate that the good faith inquiry will often be the same: 'Frequently, in the chapter 13 contest there will be an overlap between the two good-faith inquiries because the debtor's plan must be filed within a very short time after the case is commenced. Bankr.Rule 3015.' *In re March,* 83 B.R. 270, 275 (Bankr.E.D.Pa.1988); *see* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 123 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin. News 5963, 6084 ('The debtor will usually file his plan with the petition commencing the case, but the bill gives him the opportunity, if he is pressed into chapter 13 in a hurry to avoid aggressive creditors, to develop and file his plan after the commencement of the case.') ... In the case cited by the district court for a distinction between plans and petitions, *In re Kopfstein,* 35 B.R. 656 (Bankr.N.D.Oh.1983), the bankruptcy court applied the same standards on a motion to dismiss the petition, those of *Memphis Bank v. Whitman,* 692 F.2d 427 (6th Cir. 1982), that it would have applied to an opposition to confirmation of the plan. *See also, In re Easley,* 72 B.R. 948, 953 n. 5 (Bankr.M.D.Tenn. 1987)." *Smith,* 848 F.2d at 816 n. 3.

ter an evidentiary hearing limited to the relevant factors set out above to be utilized in a "totality of the circumstances" analysis by the bankruptcy court.

The matter is set for a pre-trial conference on April 5, 1989, at 11:30 a.m. to be held in Rm. 220, U.S. Courthouse, South Bend, Indiana. Each party is directed to file a pre-trial statement on or before March 29, 1989. The parties are directed to discuss the matters prior to the pre-trial conference and determine the length of time needed for the hearing on the issues.

SO ORDERED.