**In re Hussein H. RAMJI, Debtor.**

**Bankruptcy No. 91–47594–H3–13.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

May 24, 1993.

---

Clinton Franklin, Akin, Gump, Strauss, Haver & Feld, Houston, TX, for Riggs Nat'l Bank.

Richard S. London, London & Bain, Houston, TX, for debtor.

## MEMORANDUM OPINION

LETITIA Z. CLARK, Bankruptcy Judge.

The court has considered confirmation on the Debtor's Chapter 13 Plan, the objection to exemptions (Docket No. 25) filed by Riggs National Bank of Washington, D.C. ("Riggs"), the Debtor's objection to the claim of Riggs (Docket No. 29), and the motion to dismiss (Docket No. 34) filed by Riggs. Confirmation of the plan was denied at hearing. The following are the Findings of Fact and Conclusions of Law of the court on the motion to dismiss. A separate Judgment will be entered dismissing the case. To the extent any of the Findings of Fact herein are construed to be Conclusions of Law, they are hereby adopted as such. To the extent any of the Conclusions of Law herein are construed to be Findings of Fact, they are hereby adopted as such.

### Findings of Fact

1. The Debtor initiated this case by filing a voluntary Chapter 13 petition on September 23, 1991.

2. The Debtor operates a dental practice with average monthly income scheduled by the Debtor to be approximately $31,000.00. The Debtor has stated that he has average monthly expenses of $29,740.00. The Debtor's operating reports reflect that the Debtor's dental practice has actually earned approximately $35,000.00 per month during the pendency of this case.

3. Riggs filed its proof of claim in the amount of $82,997.00. The only other proofs of claim dealt with in the plan were filed by MBNA America, in the amounts of $1,275.75

and $1,753.89, and by General Motors Acceptance Corporation, in the amounts of $11,675.69 and $24,017.25. The bar date to file proofs of claim has passed.

4. In his summary of the plan which was not confirmed, Debtor provided for payment in full, either inside or outside the plan, of all claims except Riggs.

5. Riggs' claim is based on a judgment obtained in the 215th District Court of Harris County, Texas. The judgment awards damages of $34,700.00 and attorneys' fees of $45,000.00 jointly and severally against the Debtor and co-defendant Fulton (Riggs Exhibit 28).

6. The Debtor has asserted that the cap of 11 U.S.C. § 502(b)(6) is applicable to Riggs' claim, and thus that Riggs' claim is limited to $15,568.00. The Debtor testified that he was prepared to amend his plan to pay that claim amount in full.

7. The Debtor failed to schedule all his rental income. His explanation of this was unpersuasive. The Debtor testified that he borrowed $30,000.00 from his sister to settle the claim of FDIC. He stated that he transferred to his sister, at an indefinite time and apparently without supporting documentation, an interest in his homestead, and later transferred to her an interest in an office building in repayment of that debt. He testified that he made an arrangement with his sister whereby he held a sixty percent interest in an office building and his sister held the other forty percent. He testified that he was to collect his share of the rental income from the building only if he were paying rent for the office space he occupied in the building. He testified that because he did not pay rent, he did not schedule the income from the building.. The court finds that the Debtor's characterization of his arrangement with his sister is not credible, nor in conformance with the requirements of the Bankruptcy Code. *See* 11 U.S.C. § 521(1) Bankruptcy Rule 1007(b)(1); and Official Form 6, Schedule I.

8. The Debtor testified that he paid approximately $33,000.00 on his two credit card accounts shortly prior to filing the bankruptcy petition.

9. The Debtor testified that he filed this bankruptcy case in order to avoid payment of a supersedeas bond for appeal of the judgment obtained by Riggs.

■ 10. The court finds that in the totality of the circumstances the following are indicative of bad faith in the filing of this case:

a. Debtor's ability to pay in full from his income, in a reasonable length of time, all his creditors, including Riggs.

b. The size of Riggs' claim in relation to the other claims in this case and the relative lack of other claims, which suggests that the case involves primarily a two-party dispute between the Debtor and Riggs.

c. Debtor's purported transfer of interests in property to family members.

d. The Debtor's low estimate in his schedules of the earnings of his dental practice, and his failure to schedule income from his rental property.

e. Debtor's stated reason for filing of this case, that is, to avoid payment of an appeal bond.

### Conclusions of Law

■ 1. The court may dismiss a Chapter 13 case for cause. 11 U.S.C. § 1307(c). Lack of good faith is sufficient grounds for dismissal of a case under Section 1307(c). *In re Beauty,* 42 B.R. 655 (Bankr.E.D.La.1984), app. dism'd, 745 F.2d 53 (5th Cir.1984).

■ 2. No comprehensive definition of good faith exists for purposes of Section 1307, rather courts must define good faith on a case by case basis. Several factors may guide the court's inquiry into good faith, including:

a. Whether there are any deficiencies or inaccuracies in the debtor's schedules or plan that might amount to an attempt to mislead the court;

b. Whether payments proposed by the plan are fundamentally fair in dealing with creditors, including consideration of timing of filing, amount and proportion of debt that would not be dischargeable in a liquidation and equities of any classification;

c. Whether the debtor had any improper motivation in seeking relief, as indicat-

ed, in part, by circumstances under which debts were incurred.

These factors and others constitute a totality of circumstances on which the court is to determine whether there has been an abuse of a provision, or of the purpose, of the Bankruptcy Code. *See Matter of Little Creek Dev. Co.*, 779 F.2d 1068 (5th Cir.1986); *In re Lawson*, 93 B.R. 979 (Bankr.N.D.Ill. 1988); *In re Belt*, 97 B.R. 962 (Bankr. N.D.Ind.1989).

3. Based on the totality of the circumstances, the court concludes that this case was filed in bad faith. The court further concludes that such bad faith constitutes cause for the dismissal of this case.

4. The court does not reach the objection to Riggs' claim or the objection to exemptions as they are rendered moot by dismissal of the case.

Based on the foregoing, a separate Judgment will be entered dismissing this case.

*JUDGMENT*

Based on the separate Memorandum Opinion signed on this same date, it is

ORDERED that this case is dismissed.