**In re Jack O'Neil SCOTTEN, Debtor.**

**No. 02–42805.**

United States Bankruptcy Court, D. Massachusetts.

Aug. 1, 2002.

Andre D. Summers, Franklin, MA, for Jack O'Neil Scotten.

George R. Desmond, Framingham, MA, for Creditor.

### MEMORANDUM OF DECISION

JOEL B. ROSENTHAL, Bankruptcy Judge.

Before the Court for determination is an Objection to Confirmation of the Debtor's Chapter 13 plan by a Creditor arguing that the bankruptcy petition and plan were not filed in "good faith" pursuant to 11 U.S.C. § 1325(a)(3).[1] Upon review of all the papers and oral arguments of counsel, this Court finds that the Chapter 13 petition and plan were not filed in "good faith" and, therefore, denies confirmation.

### I. BACKGROUND

The facts of this case are undisputed. On May 5, 2002, Jack O'Neil Scotten (the "Debtor") filed for relief under Chapter 13 of the United States Bankruptcy Code (the "Bankruptcy Code" or the "Code"). The Debtor was previously convicted of the statutory rape of the Objecting Creditor (the "Creditor") when she was under fourteen (14) years of age and served five years in prison for such conviction. The Creditor brought a civil suit against the Debtor for assault and battery and obtained a judgment for $172,345, which together with interest, is now in excess of $300,000. This Chapter 13 filing ensued after the Creditor sought to levy against the Debtor's real estate.

The Creditor's claim is the most substantial debt of the Debtor. In addition to the Creditor's debt, The Debtor's plan only proposes to pay two credit card debts totaling $19,846.60. In his Chapter 13 plan, the Debtor proposes to devote all his disposable income to paying a 10% dividend on all of the claims. The Creditor has objected to confirmation of the plan arguing that the 10% dividend is minuscule in relation to the injury suffered by the Creditor, the debt would not be dischargeable in a Chapter 7 pursuant to Section 523(a)(6) of the Bankruptcy Code because of heinous natures of the Debtor's conduct, and the Debtor has never made payments on the judgment. This Court heard oral

---

1. "Except as provided in subsection (b), the court shall confirm a plan if—the plan has been proposed in good faith and not by any means forbidden by law ..." 11. U.S.C. § 1325(a)(3).

arguments of counsel and took the matter under advisement.

## II. DISCUSSION

 In order for a plan to be confirmed pursuant to Section 1325(a)(3) of the Bankruptcy Code it must be "proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1325(a)(3). The Debtor bears the burden of proving that the petition and plan were filed in "good faith." *In re Virden*, 279 B.R. 401, 407 (Bankr.D.Mass.2002) (citations omitted).

The Debtor, citing *In re Keach*, 243 B.R. 851 (1st Cir. BAP 2000), argues that the "good faith" requirement of Section 1325(a)(3) only deals with post-petition conduct of the Debtor, not the "good faith" nature of the activity giving rise to the debt. However, *Keach* alone is not the test. This Court adopts the test espoused in *Virden* where Judge Kenner held that a Debtor's pre and post-petition conduct are relevant to a finding "good faith." *In re Virden*, 279 B.R. at 401.

The Code does not define "good faith." Searching for the meaning of "good faith" in the hundreds of cases reported and collected by Judge Lunden in his treatise [Appendex F, Vol. 5] is much like Harrison Ford's search for the Holy Grail or Ponce de Leon's elusive search for the fountain of youth. To follow Judge Queenan's rationale in *Keach* to its logical conclusion leads to an absurd result. It would mean that a discharge in a Chapter 13 would be denied to a charlatan who committed embezzlement or fraud and was ordered to pay restitution as part of a criminal sentence, see 11 U.S.C. § 1328(a)(3),[2] yet a Debtor is essentially permitted to escape a civil judgment in favor of a victim of a violent crime, who had to seek a civil remedy, as no restitution remedy was available. This Court has a great deal of trouble accepting that Congress intended such a distinction. The facts and circumstances of this case dictate a finding that the Chapter 13 petition and plan were not filed in "good faith."

 A factor courts look to in determining "good faith" is the type of debt sought to be discharged and whether such debt is nondischargeable in a Chapter 7. *Mason v. Young*, 237 B.R. 791, 799 (10th Cir. BAP 1999) (an attempt to discharge a debt in a Chapter 13 case that is nondischargeable in a Chapter 7 is not per se bad faith unless combined with other factors that show an overall effort to avoid paying creditors). The debt at issue in this case would be nondischargeable in a Chapter 7 pursuant to Section 523(a)(6), which excepts from discharge from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). In this case, the Debtor is attempting to use the Chapter 13's "superdischarge" to discharge a debt that would be nondischargeable under Chapter 7. "[W]hen the debtor seeks the Chapter 13 superdischarge to discharge debt that would remain undischarged in a Chapter 7, [the debtor's] burden is especially heavy" in overcoming an objection to confirmation based on "good faith." *In re Virden*, 279 B.R. at 407 (citations omitted).

It is conceded that there are virtually no other creditors affected by the Debtor's proposed plan. The Creditor is owed in excess of $300,000 and the two other creditors are owed a combination of $19,846.60.

---

2. This Section of the Code excepts from discharge "all debts provided for by the plan or disallowed under section 502 of this title except any debt——for restitution, or a crimi- nal fine, included in a sentence on the debtor's conviction of a crime." 11 U.S.C. § 1328(a)(3).

The 10% dividend the Debtor proposes to pay to his creditors would mean that the Creditor will obtain an extremely small dividend in comparison to her injuries.[3]

This is basically a one creditor filing and it appears that the Debtor's sole motivation for filing is to avoid paying the Creditor. The Milford District Court issued the Creditor's execution on December 27, 1993 and the Debtor has not made any payments on the judgment. It was only after the sheriff attempted to levy the Debtor's property that he filed for bankruptcy protection. Therefore, it is reasonable to conclude that the sole reason for the filing was to avoid paying his obligation to the Creditor. Other Courts have found such a motivation adequate grounds for dismissal on "bad faith" grounds. *In re Virden,* 279 B.R. at 410, citing *In re Mattson,* 241 B.R. at 634 (dismissing case with prejudice, the court found that there was only one creditor of any substance, that the debtors did everything in their power to stall and avoid payment of the debt pre-petition, and that the Chapter 13 case was filed solely to avoid payment of this debt); *In re Tornheim,* 239 B.R. 677, 688–87 (Bankr. E.D.N.Y.1999); *In re Ramji,* 166 B.R. 288, 290 (Bankr.S.D.Texas 1993) (the court dismissed the case on a finding of bad faith when the Debtor admitted filing the petition solely to avoid payment to a single creditor).

 "The bottom line is whether the debtor is attempting to thwart his creditors, or is making an honest effort to repay them to the best of his ability." *In re Virden,* 279 B.R. at 409. The Debtor has not met his burden in demonstrating that his Chapter 13 petition and plan were filed in "good faith", and accordingly, confirmation is denied. The nominal dividend, the fact that the debt would be nondischarge-

able under a Chapter 7, the fact that the case is in substance a one creditor case, and the timing of the filing all lead to the conclusion that the petition and plan were not filed in "good faith."

### III. CONCLUSION

For the foregoing reasons, this Court finds that the Debtor has not met his burden that the Chapter 13 petition and plan were not filed in "good faith" and, therefore, denies confirmation. A separate Order will enter.

---

**3.** The 10% dividend is calculated with the present claim of $173,345. However, the dividend will decrease once interest is accounted for, bringing the claim to over $300,000.