**In re Roy Collin SATTERWHITE, Debtor.**

**Bankruptcy No. 80-00157-HS.**

United States Bankruptcy Court, S. D. Texas, Houston Division.

Oct. 20, 1980.

Daniel E. O'Connell, Houston, Tex., for debtor

Gary J. Knostman, Fulton Beach, Tex., Trustee.

## MEMORANDUM OPINION

WILLIAM M. SCHULTZ, Bankruptcy Judge.

The matter before the Court is the trustee's objection to confirmation of the debtor's Chapter 13 plan.

The debtor filed a Chapter 13 petition upon which he listed his monthly take-home pay as $1,458.00 and his monthly expenses as $2,072.24, leaving a negative balance of $614.24. He exempted all of his assets. He scheduled no secured debts and five unsecured debts totalling over $16,-450.00, four of which could be barred by limitations. The largest of these debts, and likely the only debt, is evidenced by a judicial lien in the amount of $15,749.30 plus interest, which stems from an action for an

assault committed by Satterwhite against A. R. Regan. Under the plan, Satterwhite proposes to make a one–time payment of $1.00 to each creditor. Approval of this "Dollar 13" plan would result in a payout to unsecured creditors of substantially less than one (1%) percent on their claims, which is still more than the sum the creditors would have received under a liquidation distribution.

The trustee's objection centers on Bankruptcy Code Section 1325(a)(3), which provides that confirmation will follow if ". . . the plan has been proposed in good faith . . .". The trustee argues that because the debtor, who clearly is unable to fund a reasonable plan, proposes a one (1%) percent payout on unsecured debts composed of essentially one judgment debt which is potentially nondischargeable under Chapter 7, the debtor's plan is not proposed in good faith. The trustee contends that because the debtor is incapable of meeting all the requirements of the Bankruptcy Code, the only purpose behind the plan is to obtain the liberal Chapter 13 discharge as a way of disposing of a potentially nondischargeable debt.

The debtor counters that Section 1325 contains no express minimum payout as a threshold condition to confirmation.

The Court believes that Congress restructured Chapter 13 to function as a device through which debtors would be encouraged to repay their debts over an extended period of time. Bankruptcy Code Section 109(e) limits relief to debtors with regular income. The Code defines this debtor as an individual with income sufficiently regular ". . . to enable such individual to make *payments* under a plan . . .". Bankruptcy Code Section 101(24) (emphasis added).

The Court agrees with the progeny of *In re Burrell*, 6 B.R. 360 (Bkrtcy., N.D.Cal. 1980), which held

"This Court holds that the bankruptcy court correctly concluded that a Chapter 13 plan requires that substantial payments be made to unsecured creditors and that such payments form a component of the good faith element of § 1325(a). The bankruptcy court erred, however, when it decided that 'substantial' requires payment of 70% of allowed unsecured claims and when it decided that a Chapter 13 plan must necessarily represent the debtor's best effort to repay his creditors. The error lies not in having considered these factors, but in applying them in blanket fashion. The correct approach, in this Court's view, is to treat the issues of substantiality and best effort as elements of good faith. Unless the courts have discretion to consider such factors, the danger exists that Chapter 13 plans could become shams that would emasculate the safeguards that Congress has included in Chpater (sic) 7 to prevent debtor abuse of the bankruptcy laws. The courts retain discretion to prevent such abuse, and that discretion can be exercised effectively through a meaningful interpretation of the good faith requirement of § 1325(a)(3). In each case, the bankruptcy court must consider the debtor's entire circumstances to determine whether his plan proposes to make meaningful payments to unsecured creditors. In making that determination, the courts should be mindful of the fact that the unsecured creditors must rely on the court to give meaning to the congressional intent that they receive substantial payments. Within these guidelines, the courts should proceed on a case–by–case basis."

\* \* \* \* \* \*

"This Court is unwilling to say as a matter of law that the 15% payments proposed here are insubstantial, although the bankruptcy court may well reach such a conclusion."

▉ In this case, considering the debtor's monthly expenses exceed the income, a plan is tantamount to a liquidation via Chapter 13. Therefore, the Court must carefully scrutinize the debtor's total circumstances. The Court believes the debtor's plan to be directed more toward the discharge of a nondischargeable debt to a major unsecured judgment creditor than to repayment of creditors. Chapter 13 may

not be used as a substitute for Chapter 7 when the principal motive is to circumvent exceptions to discharge instead of meaningful payments of debts. To confirm a plan under such a scenario, in this Court's opinion, would make a mockery of Chapter 13.

Other jurisdictions are in accord that marginal composition plans treating potentially nondischargeable debts will not be confirmed as the plans lack the requisite element of being proffered in good faith. *In Re Bloom*, 3 B.R. 467 (Bkrtcy., C.D.Cal. 1980); *In Re Cole*, 3 B.R. 346 (Bkrtcy., S.D.W.Va.1980); *In Re Marlow*, 3 B.R. 305 (Bkrtcy., N.D.Ill.1980).

Because the plan fails to satisfy the good faith requirement of Section 1325(a)(3), confirmation is denied.

An order in conformity with this memorandum opinion is being entered on this date.