**In re Josephine OSBORNE, Debtor.**

**ILLINOIS DEPARTMENT OF PUBLIC AID, Plaintiff,**

v.

**Josephine OSBORNE, Defendant.**

**Bankruptcy Nos. 80 B 200, 80 A 314.**

United States Bankruptcy Court, N. D. Illinois, E. D.

Jan. 15, 1981.

Bruce Katz, Groupe, Katz & Popjoy, Chicago, Ill., for Osborne.

Tyrone C. Fahner, Atty. Gen., State of Ill., Springfield, Ill., Carol Mosolygo and Richard D. Grossman, Sp. Asst. Attys. Gen., Chicago, Ill., for Ill. Dept. of Public Aid.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter came to be heard on defendant's motion to dismiss plaintiff's complaint to determine dischargeability of a debt. Having considered the briefs, pleadings and memoranda filed by the parties; the oral argument of the parties; and the court being fully advised in the premises, the Court makes the following findings of fact and conclusions of law.

Defendant filed her petition and plan under Chapter 13 of the Bankruptcy Reform Act of 1978 on January 7, 1980 scheduling plaintiff as an unsecured creditor. Defendant proposes to pay all creditors 100% of their allowed claims. Plaintiff filed a complaint seeking to have its debt determined nondischargeable pursuant to 11 U.S.C. § 523(a)(2) and (7). The contested debt arose when plaintiff recovered a $1000 judgment against defendant in state court for overpayment of public assistance monies. Defendant filed a motion to dismiss for failure to state a claim upon which relief may be granted. The issue before the Court is whether a debt nondischargeable under 11 U.S.C. § 523(a)(2) or 11 U.S.C. § 523(a)(7) may nonetheless be held dischargeable under 11 U.S.C. § 1328(a).

Plaintiff's answer to defendant's application to dismiss states that the bankruptcy laws are intended to benefit 'honest debtors' and not intended to be 'a haven for criminal offenders.' Plaintiff has threatened to pursue defendant in a criminal proceeding thereby effectively destroying the viability of defendant's plan if the contested debt is determined dischargeable.

Defendant contends that the clear and unambiguous language of 11 U.S.C. § 1328(a) discharges all debts except debts for child support, alimony and certain long term debts where the last payment is due after the completion of the plan.

11 U.S.C. § 523 provides in pertinent part that:

a) A discharge under section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

2) for obtaining money, property, services . . . by—

A) false pretenses, a false representation or actual fraud . . .

\* \* \* \* \* \*

(7) to the extent such debt is for a fine, penalty or forfeiture payable to and for the benefit of a governmental unit . . .

The Court will assume for the sake of argument that the disputed debt would be nondischargeable under the above-quoted language. However, 11 U.S.C. § 1328 provides that:

a) As soon as practicable after completion by the debtor of all payments under the plan . . . the court shall grant the debtor a discharge of all debts . . ., except any debt—

(1) provided for under section 1322(b)(5) of this title; or

(2) of the kind specified in section 523(a)(5) of this title.

The legislative history to 11 U.S.C. § 1328(a) clarifies that the "discharge is of *all* debts *except* alimony, maintenance or support, and certain long-term obligations. . . ." (Emphasis added). House Report No. 95–595, 95th Cong., 1st Sess. (1977)

430, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5963, 6386. The Court agrees with the defendant and holds that the clear language of The Bankruptcy Reform Act of 1978, as well as its legislative history, requires a conclusion that the debt herein is dischargeable in a Chapter 13 case under Title 11. *In re Lewis*, 2 C.B.C.2d 1138, 5 B.R. 575 (1980); *In re Seely*, 6 B.R. 309 (Bkrtcy.1980); *In re Keckler*, 3 B.R. 155 (Bkrtcy.1980).

 A bankruptcy court has the power to deny confirmation of a debtor's Chapter 13 plan if that plan is *not* proposed in good faith. 11 U.S.C. § 1325(a)(3). The Court believes that Congress intended the liberal discharge provisions of Chapter 13 to provide debtors with an incentive to seek Chapter 13 rehabilitation. Based on this presumed Congressional intention "it is not bad faith to utilize the liberal discharge provisions of Chapter 13." *Seely, supra.* As a matter of policy, however, the Court believes debtors must make substantial or meaningful efforts to pay their obligations, especially where the obligations are dischargeable under Chapter 13 yet nondischargeable under Chapters 7 or 11. The Court recognizes that 'good faith' "is broad, indefinite and *of necessity tied to the facts of a specific case*," (emphasis added); *Seely, supra.* However, this Court agrees with the decision of *In re Burrell*, 6 B.R. 360 (1980) where the district court stated that:

> "The correct approach in this court's view, is to treat the issues of substantiality and best effort as elements of good faith."

Since good faith is a subjective term, this Court will not adopt a hard and fast rule that all unsecured debts must be paid at least a certain percentage amount. The Court will in Chapter 13 cases, however, require debtors to make substantial and meaningful payments aggregating a sizeable or major part of the balance of debts that, although dischargeable in Chapter 13, would be nondischargeable in Chapters 7 and 11. The Court will liberally grant leave and sometimes may require debtors to file five (5) year composition plans so that the greater portion, if not all, of the debts which would be nondischargeable in Chapters 7 and 11 may be satisfied under the Chapter 13 plan. In the instant case, plaintiff cannot claim the plan was not filed in good faith because defendant proposes to pay 100% of allowed claims regardless of the creditors' status.

WHEREFORE, IT IS HEREBY ORDERED that the complaint of the Illinois Department of Public Aid be and hereby is dismissed for failure to state a claim upon which relief may be granted.