**In re Linda BOYD, Debtor.**

**Bankruptcy No. 82 B 17134.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Oct. 21, 1983.

Kevin M. Brill, of O'Connell, Holstein & Associates, Chicago, Ill., for debtor.

Neil F. Hartigan, Chicago, Ill., for creditor, The Illinois Dept. of Public Aid.

## MEMORANDUM AND ORDER

THOMAS W. JAMES, Bankruptcy Judge.

Creditor Illinois Department of Public Aid has objected to confirmation of the chapter 13 plan of this debtor, Linda Boyd, on the ground that her plan has not been proposed in good faith. The court will sustain the objection and deny confirmation. Quite frankly, Miss Boyd is a dishonest debtor who wishes to avoid the repayment of public assistance she received because of her fraudulent conduct in deceiving the Department to make the payments by failing to report her employment by the Health and Hospital Commission of Cook County, Illinois. This court may not under the principles set forth in *In re Rimgale*, 669 F.2d 426 (7th Cir.1982), condone such an abuse of a chapter 13 case by confirming the plan.

On April 30, 1979, the Cook County Grand Jury indicted Miss Boyd for theft in accepting $16,079 from Public Aid [Circuit Court of Cook County, Illinois, Cook County Department, Criminal Division, case no. 79–2553]. On April 7, 1980 she pleaded guilty to several of the counts. The county judge placed her on probation and ordered her to pay restitution of $3,148, which she did pay.

Thereafter, the state sued Linda Boyd for damages of $32,158 for her alleged fraudulent conduct in receiving these payments [Circuit Court of Cook County, Mu-

nicipal Department, First District, case no. 81 MI 350132]. On July 15, 1981 the court entered judgment against her for that amount under Ill.Rev.Stat. ch. 23, § 11–21 (1978), (repealed Sept. 14, 1981).

The Department has filed its claim for $32,480.64. Linda Boyd admits this claim arose from her fraudulent conduct in that she knowingly and with intent to deceive the Department failed to report that she was employed by the Health and Hospital Commission of Cook County while receiving public aid.

Congress does not wish the Bankruptcy Code to be a haven for criminal offenders and has stated that criminal actions and proceedings may proceed under the exception granted by § 362(b)(1) to the automatic stay of § 362(a). H.R.Rep. No. 595, 95th Cong., 1st Sess. 342 (1977), *reprinted in,* 1978 U.S.Code Cong. & Ad.News 5787, 6299. Congress does not wish the Code to be a haven for dishonest debtors and has provided that indebtedness obtained by fraud or larceny is not dischargeable under §§ 523(a)(2) or (4).

Linda Boyd proposes to pay the two unsecured creditors, the Department and American Express, 10% of their allowed claims. American Express has filed a claim for $701.42. The debt owed the Illinois Department of Public Aid represents approximately 97% of her unsecured indebtedness and 80% of all claims.

■ The purpose of chapter 13 is the rehabilitation of financially distressed debtors through repayment of debts from wages or other regular income. *In re Kull,* 12 B.R. 654, 656 (S.D.Ga.1981). These "wage earner plans" are an alternative to chapter 7 proceedings which usually result in little or no payment to creditors. If the debtor completes payments under the plan, chapter 13 offers a discharge much more liberal than that available under chapter 7. Except for the provision regarding alimony, maintenance or support, the exceptions to discharge applicable in chapter 7 do not apply to a chapter 13 case. 11 U.S.C. § 1328(a); *Memphis Bank & Trust Co. v. Whitman,* 692 F.2d 427, 428

(6th Cir.1982). In addition, there is no longer a requirement that a majority of unsecured creditors accept the debtor's chapter 13 plan. *In re Beaver,* 2 B.R. 337, 340 (Bankr.S.D.Cal.1980).

To confirm a chapter 13 plan the court must be satisfied that the plan has been proposed in good faith and not by any means forbidden by law. 11 U.S.C. § 1325(a)(3). The good faith requirement insures that this court may guard against potential abuses of chapter 13. It is the central, perhaps the most important, finding to be made in any chapter 13 confirmation. *In re Kull,* 12 B.R. at 658. The bankruptcy court has a duty to evaluate whether the plan has been proposed in good faith. *In re Rimgale,* 669 F.2d 426, 431 (7th Cir.1982).

■ Good faith is broad, indefinite and of necessity tied to the facts of a specific case. *In re Seely,* 6 B.R. 309, 312 (Bankr. E.D.Va.1980). Good faith must be viewed in light of the totality of circumstance surrounding the proposition of a particular chapter 13 plan. *Public Finance Corp. v. Freeman,* 712 F.2d 219, 221 (5th Cir.1983). As the Seventh Circuit noted in *In re Rimgale,* 669 F.2d at 431, the inquiry into good faith imposes a considerable responsibility on the bankruptcy judge who must define good faith on a case by case basis as various problems are encountered in the administration of chapter 13 cases.

■ In this case the inquiry is whether Linda Boyd deals fairly with the Department by offering to pay 10% of a debt arising from her fraudulent conduct and constituting most of her indebtedness. *In re Rimgale,* 669 F.2d at 432, 435, *citing, In re Beaver,* 2 B.R. at 340. This plan abuses the provisions, purpose and spirit of chapter 13 in violation of the *Rimgale* standards. See *In re Rimgale,* 669 F.2d at 431, *citing, In re Terry,* 630 F.2d 634, 635 (8th Cir.1980). Confirmation must be denied.

Linda Boyd admits that her debt owed the Department is the result of her fraudulent conduct. She received public assistance to which she was not entitled and was

convicted of theft. It may be that this debt would be nondischargeable under §§ 523(a)(2) or (4).

 The court recognizes that § 1325(a)(3) requires that the wage earner plan be proposed in good faith, not that the debt in question be incurred in good faith. *Memphis Bank & Trust Co. v. Whitman*, 692 F.2d at 431. The fact that a debt is potentially nondischargeable, however, is one factor the court may consider when determining whether a plan has been proposed in good faith. See *In re Sanders*, 13 B.R. 320, 322 (Bankr.D.Kan.1981); and *Matter of Marlow*, 3 B.R. 305, 308 (Bankr. N.D.Ill.1980). Ignoring the debtor's pre-plan conduct in incurring the debt gives too narrow a construction to the good faith requirement. See *Memphis Bank & Trust Co.*, 692 F.2d at 432. Accordingly, this court will take into account the nature of the obligations debtor seeks to discharge.

Moreover, Linda Boyd proposes to pay only 10% of a debt incurred because she defrauded the Illinois Department of Public Aid. Given the nature of this debt 10% is simply not enough. Under the circumstances it does not constitute a substantial or meaningful effort to repay an obligation that is dischargeable under chapter 13 but possibly nondischargeable under chapter 7. See *In re Osborne*, 8 B.R. 200, 202 (Bankr. N.D.Ill.1981).

If the court were to confirm this plan it risks allowing chapter 13 to fullfill its potential as a device for abuse by dishonest debtors. See *Matter of Marlow*, 3 B.R. at 307. The court concludes that this plan proposing 10% payment to the Department of Public Aid is inconsistent with the spirit and purpose of chapter 13 and has not been proposed in good faith.

It is therefore ordered that the objection of the Illinois Department of Public Aid to confirmation of the plan of the debtor, Linda Boyd, is sustained.

It is further ordered that confirmation of the plan of the debtor, Linda Boyd, is denied.