**In re Twila Rae WILLIAMS, Debtor.**

**Bankruptcy No. LR 83–826.**

United States Bankruptcy Court,
E.D. Arkansas, W.D.

Aug. 17, 1984.

Ray Trammell, University of Arkansas, Fayetteville, Ark., Robert J. DeGostin, Jr., State University, Ark., for University of Arkansas.

Hubert W. Alexander, Jacksonville, Ark., for debtor/defendant.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

Before the Court is an Objection to Confirmation of the modified plan filed on behalf of the University of Arkansas. A hearing on this matter was held on June 22, 1984.

From the evidence presented the Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. The debtor's plan lists $14,155.12 total debt. Of this amount, there exists no secured debt and $11,625.00 in unsecured debts consisting entirely of student loans. Of this amount, $5,925.00 is owed to the University of Arkansas, where debtor earned her nursing degree.

2. The debtor's plan proposes to pay $150.00 per month for a period of 36 months. The University of Arkansas would, therefore, receive a 37% repayment of its total debt.

3. From January to August of 1983, debtor worked as a registered nurse at St. Vincent's Infirmary in Little Rock. During that time her two children, ages 10 and 11, lived with her parents in Mountain View. Debtor has since moved to Mountain View and taken a job there in order to be with her children. Due to the fact that her two children are now living with her, her estimated $141.00 extra in her monthly budget will be reduced substantially. The debtor testified that she will still have $100 left after monthly expenses.

4. Although debtor has been separated or divorced for seven years, she has never applied for, or received, maintenance, child support, or alimony. Her ex-husband is now employed as a mechanic.

5. The debtor has never before filed for relief under the National Bankruptcy Code.

6. All classes of unsecured creditors are treated equally in the plan.

7. Educational loans cannot be discharged in a Chapter 7, and since this type debt constitutes practically all debtor's indebtedness, this clearly was debtor's motivation for filing Chapter 13.

8. Although the debtor mentioned certain medical expenses she incurred and would incur, because no testimony was given as to the cost of these expenses, the Court cannot find special circumstances exist due to "inordinate" medical expenses.

9. The Court finds the debtor is sincere, and that the plan will not impose an administrative burden on the Chapter 13 trustee.

### CONCLUSIONS OF LAW

1. The Court has reviewed the plan and the evidence in light of the eleven criteria cited by the Eighth Circuit Court of Appeals in *In Re Estus*, 695 F.2d 311 (8th Cir.1982). After such review, the Court finds confirmation should be denied.

2. The most important evidence considered by the Court is the fact that this petition was filed, clearly, to avoid repayment of educational loans. $11,625.00 of the total debt of $14,155.12 consists of student loans. Such loans are not dischargeable in a Chapter 7. *See,* 11 U.S.C. § 523(a)(8). The Court is mindful that, standing alone, it is not bad faith to utilize

the liberal discharge provisions of Chapter 13 rather than to file under the less desirable Chapter 7. *In Re Seely*, 6 B.R. 309 (1980); *In Re Smith*, 8 B.R. 543 (1981). Similarly, "a lack of good faith should not be inferred from an action of the debtor which is authorized by the plain meaning of the statute." *In Re Lambert*, 10 B.R. 223, 226 (1981). Finally, the Court realizes that a set percentage of payment of unsecured debts is not required. *In Re Estus, supra; In Re Heard*, 6 B.R. 876 (1980). The Court deems it important, however, to emphasize the *nature* of the debts at issue herein. This money was utilized by the debtor to obtain her nursing degree. Her present and future income, as well as any increases in that income, are predicated on the fact that she possesses a nursing degree. But for this financial assistance, she would not have the degree and, presumably, would not enjoy her current income. The Court holds that the proposal to pay back 37% of the student loans demonstrates bad faith.

8. The debtor never arranged to defer her payments to the University of Arkansas. In fact, immediately upon graduation, she took a nursing job but has never made a single payment on her student loans. The debtor has not sought to collect child support although the whereabouts of her employed husband are known. These factors led the Court in *In Re Betz*, 31 B.R. 565 (1983), to find student loans nondischargeable. The Court, here, holds that these factors substantiate its finding of bad faith.

9. Debtor's attorney argues that, at least, the debtor is making an effort at repayment through this plan when she could have been totally discharged of these debts in a Chapter 7. Such is not the case, however, because debtor does not meet the "undue hardship" standard of 11 U.S.C. § 523(a)(8)(B). *See, In Re Price*, 25 B.R. 256 (1982); *In Re Ford*, 22 B.R. 442 (1982). These loans would clearly be nondischargeable in a Chapter 7.

10. The purpose and spirit of Chapter 13 is rehabilitation and repayment. *In Re Kull*, 12 B.R. 654 (1981). Debtor violates that spirit by proposing to pay only $150/month for 36 months. Debtor has $100 remaining each month after expenses. A portion of that $100 could be paid into the plan for a more meaningful repayment of loans which have enabled the debtor to have a job. Furthermore, if the current monthly payments were made for 60 months instead of the proposed 36, obviously, a more meaningful repayment would occur.

11. Where all the facts lead inexorably to the conclusion that the petition has been filed to avoid, at minimal cost, a nondischargeable debt, the Court will find "good faith" to be absent and will refuse confirmation. *In Re Meltzer*, 11 B.R. 624 (1981); *In Re Cole*, 3 B.R. 346 (1980); *In Re Yee*, 7 B.R. 747 (1980); *In Re Smith*, 8 B.R. 543 (1981); *In Re Iacovoni*, 2 B.R. 256 (1980); *In Re Murallo*, 4 B.R. 666 (1980); *In Re Satterwhite*, 7 B.R. 39 (1980). Congress never intended, of course, that Chapter 13 serve as a haven for debtors who wish to receive a discharge of unsecured debts without making an honest effort to repay those debts. *Deans v. O'Connell*, 692 F.2d 968 (1982).

The objection to confirmation is sustained.

IT IS SO ORDERED.