**In re Akpan T. NKANANG, Debtor.**

**Bankruptcy No. 83–03849A.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Dec. 18, 1984.

Neil C. Gordon, Macey & Sikes, Atlanta, Ga., for Georgia Higher Educ. Assistance Corp.

Emory L. Clark, Clark & Smith, Atlanta, Ga., for debtor.

## ORDER

W. HOMER DRAKE, Bankruptcy Judge.

On August 26, 1983, the above-named debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code. An objection to confirmation was filed by the Georgia Higher Education Assistance Corporation ("GHEAC") on December 9, 1983 alleging, *inter alia*, that the debtor's plan was not proposed in good faith. Upon the consent of the parties, an evidentiary hearing was held before the Estate Administrator on February 13, 1984. The Estate Administrator filed a Report and Recommendation on May 10, 1984 finding that the debtor's plan was confirmable as being proposed in good faith. A timely objection to the Estate Administrator's Report and Recommendation was filed by GHEAC. Following a de novo hearing on August 29, 1984, this matter was taken under advisement.

The debtor's plan proposes to repay 1% of all unsecured claims. GHEAC is the holder of an unsecured claim filed in the amount of $3,977.01 based upon student loans made to the debtor. The question presented is whether the nominal repayment to unsecured creditors, including GHEAC, satisfies the standards of good faith set forth by the Eleventh Circuit Court of Appeals in *In re Kitchens*, 702 F.2d 885 (11th Cir.1983).

## FINDINGS OF FACT

The facts of this case are as follows:

1. The debtor is employed as a high school teacher in the Atlanta Public School System. His annual gross salary approximates $20,600.00. On a monthly basis, the debtor's net income is $1,316.46.

2. The Chapter 13 plan calls for monthly payments of $300.00 to the Chapter 13 Trustee.

3. The debtor's estimated monthly ex-

pense budget totals $953.51.[1] Subtracting the estimated monthly expenses and the $300.00 monthly payment to the Chapter 13 trustee from the debtor's monthly net income leaves the debtor with a monthly surplus slightly greater than $60.00.

4. The debtor owns no real property, and his equity in personal property is scheduled at slightly more than $2,000.00, consisting of household goods and personal effects.

5. The debtor's primary secured debt is an obligation to GMAC based on a promissory note secured by a fully-equipped 1981 Oldsmobile Cutlass Supreme. The debtor purchased this automobile new in 1981 at a cost of approximately $18,000.00, and his monthly payments under the note are $366.00. The balance due GMAC as of the date of bankruptcy was estimated to be $8,000.00. The Chapter 13 Trustee valued the automobile at $7,668.50. Taking into account the interest which GMAC is entitled to receive due to the deferral of its payments under the plan, GMAC will receive a total of $10,000.00 under the proposed plan.

6. The only other secured debt is scheduled in the amount of $792.00. This debt is evidenced by a note which is secured by a purchase-money security interest in household goods.

7. The debtor's scheduled, unsecured debt totals $7,531.45. Of this amount, the student loan owing to GHEAC is scheduled as the largest unsecured claim at $2,300.00. The proof of claim filed by GHEAC states that the value of the claim is $3,977.01.

8. The disclosure statement filed by the debtor's attorney indicates that the standard fee of $550.00 is to be paid for representation of the debtor in the Chapter 13 case.

9. There is some dispute whether the duration of the plan as proposed will exceed

thirty-six (36) months. Clearly, the debtor has not sought to extend the plan to the sixty (60) month range. According to the Court's calculation, the administrative expenses, secured claim filed by GMAC, and 1% of the allowed unsecured claims could be satisfied within thirty-eight (38) months.

10. The debtor's apparent motivation for seeking relief under the provisions of Chapter 13 is two-fold: (1) Chapter 13 permits the debtor to retain the use and enjoyment of his automobile and to become the outright owner of the automobile upon the completion of his plan; and (2) Chapter 13 offers the additional benefit of discharging student loans under the appropriate circumstances. In other words, the debtor is attempting to refinance his automobile under Chapter 13 while relieving himself of unsecured indebtedness. No showing has been made that the debtor sincerely wishes to repay his unsecured creditors.

11. The debtor holds two masters degrees and has completed work toward a Ph.D. This educational background provides the debtor with a substantial ability to generate income. The debtor's earnings as a high school teacher are not subject to seasonal fluctuation. So long as the debtor opts to remain within the Atlanta Public School System, his income should remain fairly stable with periodic cost-of-living adjustments.

12. There are no special circumstances in this case, such as inordinate medical expenses, to explain the debtor's difficult financial situation.

13. The debtor has not previously filed a case under the Bankruptcy Code or the predecessor Bankruptcy Act.

14. There is no showing that the debtor acted dishonestly in contracting his debts.

15. Administration of the debtor's plan would not impose an undue burden on the Chapter 13 Trustee.

---

1. GHEAC argues that the debtor overstated his estimated monthly expenses to create the illusion that he is not able to pay more than $300.00 per month to the Chapter 13 Trustee.

Because other grounds exist for denying confirmation, it is not necessary for the Court to go into the reasonableness of the debtor's estimated monthly expenses.

## CONCLUSIONS OF LAW

 The nonexclusive list of eleven factors of good faith appearing in *Kitchens* are as follows: (1) the amount of the debtor's income from all sources; (2) the living expenses of the debtor and his dependents; (3) the amount of attorney's fees; (4) the probable or expected duration of the debtor's Chapter 13 plan; (5) the motivations of the debtor and his sincerity in seeking relief under the provisions of Chapter 13; (6) the debtor's degree of effort; (7) the debtor's ability to earn and the likelihood of fluctuation in his earnings; (8) special circumstances such as inordinate medical expense; (9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act and its predecessors; (10) the circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealings with his creditors; and (11) the burden which the plan's administration would place on the trustee. *Id.* at 888–889. However, applying the above factors to the instant case does not end the Court's inquiry, as two other considerations raised by the Eleventh Circuit are relevant: first, the substantiality of the repayment to unsecured creditors; and secondly, the type of debt to be discharged and whether such debt would be nondischargeable under Chapter 7. *Id.* at 889. These latter two factors are dispositive.

At a glance, the debtor appears to be making a substantial effort to repay his debts. The $300.00 monthly payment to the Chapter 13 Trustee is not insignificant, and the amount of payment is commensurate with the debtor's ability to pay in light of his monthly net income and estimated monthly expenses. On the other hand, the debtor has a middle class income, and his plan does little more than pay off the balance due on his expensive automobile.

*Kitchens* does not require that the debtor pay a fixed minimum percentage of his unsecured debt in order to demonstrate his good faith. Specifically, the Eleventh Circuit stated, "Like the Court in *In re Estus*, we do wish to note that *other factors or exceptional circumstances* may support a finding of good faith, even though a debtor has proposed no or only nominal repayment to unsecured creditors." *Id.* (emphasis added) The Eleventh Circuit then proceeded to cite an example of such exceptional circumstances as found in *Matter of Bellgraph*, 4 B.R. 421 (Bkrtcy.W.D.N.Y.1980). The record in the instant case is devoid of any similar justification for the debtor's treatment of unsecured creditors. The fact that the debtor wishes to retain his expensive automobile and has provided for its payment through the Chapter 13 plan by remitting to the Chapter 13 Trustee $300.00 per month from his discretionary monthly income of approximately $360.00 does not persuade the Court that the debtor has acted in good faith.

 The second consideration weighing against the debtor is the fact that GHEAC's claim would be nondischargeable under Chapter 7. *See* 11 U.S.C. §§ 523(a)(8), 727(b). This Court has sustained the composition of student loans in other circumstances. *In re Reese*, 38 B.R. 681 (Bkrtcy.N.D.Ga.1984). Nevertheless, as stated above, the attempt to discharge a student loan under Chapter 13 may be taken into account by the Bankruptcy Court in evaluating the debtor's good faith. *In re Kitchens*, 702 F.2d at 889; *In re Estus*, 695 F.2d 311, 317 (8th Cir.1982). There are no special circumstances to justify the discharge of GHEAC's claim in this case.

The case of *In re Williams*, 42 B.R. 474 (Bkrtcy.E.D.Ark.1984) is instructive. The Bankruptcy Court in *Williams* denied confirmation of a plan which proposed a 37% repayment of unsecured claims, including a student loan. The Court noted that repayment would be more meaningful if the plan were extended from thirty-six (36) to sixty (60) months. *Id.* at 476. The final passage by the Court in *Williams* is applicable to the case *sub judice*:

Congress never intended, of course, that Chapter 13 serve as a haven for debtors

who wish to receive a discharge of unsecured debts without making an honest effort to repay those debts. *Deans v. O'Connell*, 692 F.2d 968 (1982).

*Id.* Similarly, the debtor in the instant case has evidenced no genuine effort to satisfy his unsecured obligations.

On the basis of the foregoing, the Court concludes that the debtor has not demonstrated good faith in proposing to discharge unsecured debts at 1% and to discharge a student loan. Confirmation of the debtor's plan shall be and is hereby DENIED. A separate Order shall be issued by the Clerk dismissing the instant Chapter 13 case for want of confirmation.

IT IS SO ORDERED.