**In re Janet E. WILLIAMS, Debtor.**

**Bankruptcy No. 86–82120.**

United States Bankruptcy Court,
C.D. Illinois.

Nov. 3, 1986.

James S. Brannon, Peoria, Ill., for debtor.

Leanna L. Karnopp, Vonachen, Cation, Lawless, Trager & Slevin, Peoria, Ill., for Bartonville Bank.

## ORDER

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

This matter comes before the Court on the objection of the creditor, the Bartonville Bank (BANK) to the confirmation of the proposed Chapter 13 plan of Janet E. Williams, the debtor.

On August 15, 1986, the debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code. She owns no real estate and her equity in personal property is scheduled at $1,614.00, consisting of household goods, personal effects and a 1975 automobile. The debtor has no secured

debt and her unsecured debt totals $5,403.00. Of this amount, the student loan owing to the BANK is scheduled as the largest unsecured claim at $2,293.00.

The debtor is employed by Foster & Gallagher as a customer service representative. Her net monthly income is $546.00. Her estimated monthly expenses are $509.00. She has two young children and receives no maintenance or child support. The Chapter 13 plan proposed by the debtor provides for monthly payments of $37.00 to the Trustee for a period of 36 months, resulting in a payment of approximately 15% of the unsecured debt.

The BANK filed an objection to confirmation on September 15, 1986, alleging that its debt is nondischargeable in bankruptcy. The BANK focuses upon Section 523(a)(8)(A) of the Bankruptcy Code which excepts from discharge student loans which became due less than 5 years prior to the debtor's bankruptcy. The BANK argues to the extent the debtor will receive a discharge of a significant portion of her student loan, which would be nondischargeable under the provisions of Section 523(a)(8)(A) in a Chapter 7 proceeding, Congress' intent is circumvented and that as a policy matter, this court should require the debtor to prove that she is entitled to a hardship discharge pursuant to Section 523(a)(8)(B). The BANK's position is, quite simply, inconsistent with the provisions of the Bankruptcy Code.

Congressional policy is to encourage debtors to try to pay a portion, if not all, of their debts under a Chapter 13 plan. One of the incentives for debtors to file Chapter 13 plans is the discharge of certain obligations not dischargeable in a liquidation proceeding. *See, In re Brown*, 56 B.R. 293 (Bkrtcy.N.D.Ill.1985).

█ Section 1325 of the Bankruptcy Code sets forth the requirements for confirmation of a Chapter 13 plan. One of the requirements is that the plan must be proposed in good faith and not by any means forbidden by law. This provision can be utilized by a creditor if he feels the plan is not proposed in good faith. However, the fact that a debtor is repaying only a nominal amount of a student loan in a Chapter 13 proceeding, in and of itself, offers no grounds for objection to confirmation. That fact is but one of many considerations in determining whether the debtor has proposed a plan in good faith. *In re Nkanang*, 44 B.R. 955 (Bkrtcy.N.D.Ga.1984). The BANK in the case before this Court does not contend the plan was proposed in bad faith merely to obtain the discharge of what would be a nondischargeable debt in a Chapter 7 proceeding.

█ Section 1328(a) which governs the discharge of a Chapter 13 debtor provides that upon completion of all payments under the plan, all debts shall be discharged except certain long-term obligations specifically provided for in the plan and alimony, maintenance or support. 11 U.S.C. Section 1328(a). Thus, educational loans which are the subject of successful Chapter 13 plans, are generally dischargeable. *Matter of Johnson*, 787 F.2d 1179 (7th Cir.1986). Where, however, a Chapter 13 debtor cannot make the payments as provided for in the plan and applies to the court for a hardship discharge under Section 1328(b), Section 1328(c) provides that a student loan that is not more than five years old will not be discharged unless the undue hardship provisions of Section 523(a)(8)(B) are met. 11 U.S.C. Section 1328(c).

In the case before this Court there is no issue to whether the plan was proposed in good faith. If the debtor makes payment in accordance with the plan, the BANK will receive approximately 15% of its unsecured claim. If the debtor does not make payments in accordance with the plan and applies for a hardship discharge, the debtor would have to comply with the hardship provisions of Section 523(a)(8)(B).

Accordingly, IT IS ORDERED that the BANK's objection to the confirmation of the debtor's Chapter 13 plan should be and hereby is DENIED.

IT IS FURTHER ORDERED, that the debtor should submit an order of confirmation of the Chapter 13 plan.