**In the Matter of Michael Earl SWAN, Debtor.**

**Bankruptcy No. BK86–2917.**

United States Bankruptcy Court, D. Nebraska.

March 10, 1989.

John Thomas, Center, Neb., for debtor.

Douglas A. Davidson and Robert B. Reynolds, Ogallala, Neb., for Mary Hayford, creditor and objector.

Fredrick L. Swartz, Lincoln, Neb., for debtor and spouse in state court proceeding.

Robert Coupland, Valentine, Neb., for creditor.

Kathleen Laughlin, Omaha, Neb., trustee.

## MEMORANDUM OPINION

JOHN C. MINAHAN, Jr.,
Bankruptcy Judge.

THE MATTER before the court is an Objection to Confirmation (Fil. # 13), filed by Mary Hayford, a creditor herein. The debt at issue arose from an intentional tort committed by the debtor against Ms. Hayford. A state court judgment has been rendered against the debtor in the amount of $8,000.00, together with costs and post-judgment interest. Ms. Hayford filed a claim in this bankruptcy case in the amount of $9,109.88.

## FINDINGS OF FACT

The facts in this case have been presented to the court on stipulation between the parties. On February 4, 1986, Mary Hayford, creditor and objector herein, obtained a judgment against the debtor in state court as a result of an assault and battery committed against her. Debtor, Mr. Swan filed Chapter 7 bankruptcy on October 8, 1986. After Ms. Hayford filed an adversary proceeding to determine dischargeability of the debt owed her, the debtor converted to a Chapter 13 case.

Debtor's schedules list no secured creditors, but debtor has unsecured debts in the total amount of $13,884.10. The major portion of these debts arose out of the state court assault and battery action by Ms. Hayford against the debtor. Specifically, these debts include $9,109.88 owed to Ms. Hayford; $2,037.81 owed to Fredrick L. Swartz for legal counsel in state court; and $2,136.41 owed to Coupland Law Office for legal counsel in state court. The remaining $600.00 unsecured debt is owed to John Thomas, debtor's attorney in this bankruptcy case.

The debtor, Mr. Swan is employed as a lineman for Three Rivers Telco, a small telephone company, and earns approximately $1,750.00 per month. Although Mrs. Swan was employed, the development of a neurological disorder necessitated her quitting work. This disorder has contributed to large monthly medical bills, of which insurance pays only a portion. According to debtor's budget, the monthly expenses of debtor's family are approximately $1,730.00. Debtor's Chapter 13 plan proposes to make payments of $20.00 per month for three years, a total of $720.00. The plan proposes to pay the total $600.00 legal fee to John Thomas as a priority claim under 11 U.S.C. Section 507. The remaining $120.00 is to be distributed to Mary Hayford, Fredrick L. Swartz, and Coupland Law Office. The effect of debtor's plan is to pay Ms. Hayford approximately $90.00.

Ms. Hayford argues that debtor's plan should not be confirmed for various reasons. First, Ms. Hayford argues that debtor's plan was not proposed in good faith under 11 U.S.C. Section 1325(a)(3) and improperly proposes to discharge a debt nondischargeable as a willful and malicious injury under 11 U.S.C. Section 523(a)(6). Ms. Hayford secondly asserts that the plan does not include all of debtor's disposable income. Third, Ms. Hayford contends that the plan should not provide for attorney's fees as a priority administrative expense under 11 U.S.C. Section 507. Fourth, Ms. Hayford contends that the debtor does not have the ability to make the $20.00 monthly payments proposed under the plan.

## ANALYSIS

The court concludes that debtor's Chapter 13 plan should not be confirmed. However, as the impediments to confirmation may be resolved in an amended plan, the court concludes that debtor should have leave to amend.

*Good Faith*

Section 1325(a)(3) of the Bankruptcy Code provides that the court shall confirm a plan if "the plan has been proposed in good faith and not by any means forbidden

by law." The eighth circuit, in *In re Estus*, 695 F.2d 311 (8th Cir.1982), has set forth several elements to consider in determining whether a plan has been proposed in good faith. The eighth circuit has stated that "in addition to the percentage of repayment to unsecured creditors, some of the factors that a court may find meaningful in making its determination of good faith are:

1. The amount of the proposed payments and the amount of the debtor's surplus;

2. The debtor's employment history, ability to earn and likelihood of future increases in income;

3. The probable or expected duration of the plan;

4. The accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court;

5. The extent of preferential treatment between classes of creditors;

6. The extent to which secured claims are modified;

7. The type of debt sought to be discharged and whether any such debt is nondischargeable in Chapter 7;

8. The existence of special circumstances such as inordinate medical expenses;

9. The frequency with which the debtor has sought relief under the Bankruptcy Reform Act;

10. The motivation and sincerity of the debtor in seeking Chapter 13 relief; and

11. The burden which the plan's administration would place upon the trustee." *Estus*, 695 F.2d at 317.

Of the 11 elements enunciated in *Estus*, items 3, 7, and 10 are especially relevant herein. An examination of the facts of this case in light of these items reveals a lack of good faith of the debtor, Mr. Swan.

■ First, the duration of debtor's proposed plan is three (3) years. Although there is no legal obligation to propose a 5–year plan, the length of the plan is a relevant consideration in determining good faith. *See Estus*, 695 F.2d at 317. The duration of a plan reflects not only the debtor's state of mind and intentions, but also the amount a debtor seeks to repay creditors. *See In re Kourtakis*, 75 B.R. 183, 187 (Bkrtcy.E.D.Mich.1987); *In re Williams*, 42 B.R. 474 (Bkrtcy.E.D.Ark. 1984); *In re Chase*, 28 B.R. 814, 818 (Bkrtcy.D.Md.1983). By proposing a 3–year plan, Mr. Swan will pay only approximately $90.00 to reimburse Ms. Hayford for the injury he inflicted upon her. In light of the violent act giving rise to his obligation to Ms. Hayford, however, the court concludes that Mr. Swan has not demonstrated the requisite good faith in proposing his plan. A jury has imposed an $8,000.00 judgment against Mr. Swan and this court will not allow him to reform that jury verdict in this bankruptcy case, at least not to the extent proposed by Mr. Swan. Proposing a 5–year plan is within Mr. Swan's power. If he were fully honest and sincere, Mr. Swan would propose to pay Ms. Hayford with his best efforts and for the full duration available under the law. *See In re Kourtakis*, 75 B.R. at 188; *In re Chase* 28 B.R. at 818.

■ The second relevant item from *Estus* is whether the type of debt sought to be discharged is nondischargeable in a Chapter 7 case. A debtor's proposal to discharge a debt not dischargeable in a Chapter 7 case is not by itself a sufficient reason to find that a debtor's plan was filed in bad faith. It is clear that the Bankruptcy Code allows discharge of debts in a Chapter 13 case that are not dischargeable in a Chapter 7. See 11 U.S.C. Section 1328; *In re Chase*, 28 B.R. at 818–19. However, the question of whether the debt at issue in a Chapter 13 case would be dischargeable in a Chapter 7 is relevant in determining whether the debtor has filed his plan in good faith. *See Estus*, 695 F.2d at 317.

The type of debt sought to be discharged by Mr. Swan is a debt not dischargeable in a Chapter 7 case and the debtor's conduct was criminal in character. A claim based on assault is generally excepted from discharge as a willful and malicious injury under Section 523(a)(6). *See In re Siefke*,

61 B.R. 220 (Bkrtcy.D.Mont.1986); *In re Cunningham*, 59 B.R. 743 (Bkrtcy.N.D.Ill. 1986); *In re Chase*, 28 B.R. at 818. This fact is particularly relevant in this case, as the debtor converted from a Chapter 7 case to a Chapter 13 case after Ms. Hayford commenced an adversary proceeding to determine the dischargeability of the subject debt. The court concludes that this conversion and the filing of debtor's Chapter 13 plan herein is for the purpose and with the intention of discharging a large percentage of the debt owed to Ms. Hayford. Such an intention further evidences debtor's bad faith.

The third element for consideration herein is the motivation and sincerity of the debtor in seeking Chapter 13 relief. Mr. Swan has no secured debt. He has only five unsecured debts and they total $13,884.10. Four of the five debts arise from the state court assault and battery action and the remaining debt is for attorneys fees in this bankruptcy case. Further, of the $13,884.10 amount of debt, $9,109.88 is owed to Ms. Hayford. Thus, the filing of this bankruptcy case and the provisions of debtor's Chapter 13 plan are solely referrable to discharging debts arising from the state court assault and battery action. Based on these facts, I conclude that the debtor, Mr. Swan filed bankruptcy to avoid paying a debt, rather than for rehabilitation purposes. This constitutes "an abuse of the provisions, purpose, [and] spirit of Chapter 13." *Estus* 695 F.2d at 316.

### Disposable Income

■ Based on the evidence before me, I conclude that after making payments under the plan, the debtor will not have surplus income. However, as previously stated it is possible for debtor to make payments for a longer period of time than the three years proposed.

### Attorney's Fees as Priority Claim

■ Ms. Hayford argues that the debtor's plan should not be confirmed because it proposes to pay the total $600.00 legal fee to debtor's attorney herein as a priority claim under Section 507. Specifically, Ms. Hayford objects to the plan's proposal to pay additional legal fees for conversion of this case to a case under Chapter 13 and for additional services rendered after the conversion. However, Section 507(a)(1) allows a plan to provide as a priority claim the administrative expenses allowed under Section 503(b). Further, Section 503(b) specifically includes reasonable compensation for services rendered by an attorney. Therefore, debtor's plan may properly provide for the payment of the allowed legal fees for debtor's attorney herein. The fact that the attorney fees are in relation to debtor's Chapter 13 case is not relevant, as such fees were rendered in this case and are subject to Section 503(b). However, Ms. Hayford should be given the opportunity to object to the allowance of attorneys fees. Debtor's counsel will be required to file a fee application respecting compensation for legal services rendered, or to be rendered, in this case and Ms. Hayford, and other parties in interest will be provided an opportunity to object to the allowance of compensation.

### Debtor's Ability Make Payments

■ Ms. Hayford asserts that Mr. Swan's Chapter 13 plan should not be confirmed because Mr. Swan does not have the ability to make the $20.00 monthly payments proposed under the plan. This assertion seems inconsistent with Ms. Hayford's previous argument that Mr. Swan's plan fails to provide for all of his disposable income. The court nevertheless concludes that Mr. Swan has the ability to complete the monthly payments proposed under his plan. On March 2, 1987, the bankruptcy court entered an order that Mr. Swan commence payments to the Chapter 13 Trustee of $20.00 each month beginning March 13, 1987. Mr. Swan has made all such payments as they came due. I therefore conclude that Mr. Swan is able to complete similar payments in the future.

After consideration of all the factors enunciated in the *Estus* decision, I conclude that the Chapter 13 plan was not filed in good faith. Bankruptcy laws are intended to serve the dual objectives of providing the just and deserving debtor with a fresh

start and providing fair and equitable treatment of creditors. These basic objectives would be completely frustrated by confirmation of the plan proposed in this case. The plaintiff is not treated fairly and the debtor's bankruptcy is not motivated by honesty of intentions and a desire for financial rehabilitation.

An order will be entered denying confirmation with leave to amend the Chapter 13 plan. Confirmation of an amended plan will be conditional upon the debtor undertaking to make periodic disclosure of financial information to Ms. Hayford during the life of the plan. Her right to seek post-confirmation modification of the plan under Section 1329 should be protected and facilitated under the circumstances of this case.

For the reasons set forth herein, Mr. Swan's plan should not be confirmed. The court further concludes that Mr. Swan should be granted leave to amend or modify his Chapter 13 plan.

A separate order will be entered consistent herewith.