**In re Gary C. SMITH, Diane C. Smith, Debtors.**

**Bankruptcy No. 88A-02388.**

United States Bankruptcy Court, D. Utah, C.D.

July 16, 1991.

Daniel Boone, Salt Lake City, Utah, for debtor.

Steven T. McMaster, Salt Lake City, Utah, for Utah Higher Education Assistance Authority.

Barbara W. Richman, Salt Lake City, Utah, Standing Chapter 13 Trustee.

## MEMORANDUM OPINION

JOHN H. ALLEN, Bankruptcy Judge.

A hearing was held concerning the confirmation of the debtors' Chapter 13 plan. The Court took the matter under advisement and issues the following order.

The debtors in this case, Gary and Diane Smith, filed a Chapter 13 Petition on April 25, 1988. The plan they propose provides, in part, that the debtors will pay the sum of $180.00 per month for a period of 36 months in order that unsecured creditors receive a 30% return on their claims. The plan further provides that if any additional time is required to return this 30%, up to a total plan period of 60 months, it may be utilized.

The Chapter 13 Trustee objects to this proposal and asserts that the debtors should be required to pay $180.00 per month for the full 60 month period. Such period would assure that unsecured creditors will experience more than a 30% return on their unsecured claim.

The Utah Higher Education Assistance Authority (creditor) objects to confirmation of the plan alleging that the plan does not meet the requirement of good faith contained in 11 U.S.C. § 1325(a)(3). This lack of good faith is evidenced by the fact that the obligations of the debtors include a student loan debt which would be nondischargeable in a Chapter 7 bankruptcy.

Had the debtors filed a Chapter 7 petition in bankruptcy, 11 U.S.C. § 523(a)(8) would have been applicable. Under that provision, an individual debtor may not be discharged from a student loan. Edu-cational loans due the government or a nonprofit institution of higher education are excepted from discharge unless the loan became due more than five years prior to the bankruptcy petition or an undue hardship would be imposed on the debtor or the debtors' dependents.[1]

A Chapter 13 discharge, however, is much broader than a Chapter 7 discharge. It discharges all debts except those for child support, alimony, and certain long-term debts where the last payment is due after completion of the plan. 11 U.S.C. § 1328(a).[2]

In order to benefit from these liberal discharge provisions, the debtor must comply with 11 U.S.C. § 1325(a)(3) which requires that the plan be proposed in good faith and not by any means forbidden by law. The good faith requirement "has long been the policing mechanism of bankruptcy courts to assure that those who invoke the reorganization provisions of the bankruptcy do so only to accomplish the aims and objectives of bankruptcy philosophy and for no other purpose." *In re Chase*, 43 B.R. 739, 745 (D.Md.1984).

The legislative history behind the student loan exception to discharge indicates a Congressional concern over abuse of the Bankruptcy laws where "individuals have financed their education and upon graduation have filed petitions under the Bankruptcy Act and obtained a discharge without any attempt to repay the educational loan and without the presence of any extenuating circumstances, such as illness." *See Report of the Commission on the Bankruptcy Laws of the United*

---

1. The Federal Debt Collection Procedures Act of 1990, Pub.L. No. 101–647, § 3621, 104 Stat. 4789, 4964 modifies the Bankruptcy Code by extending the five years, as under current law, to seven years, calculated from the date the loan first became due to the date the bankruptcy action was filed, exclusive of periods during which repayment obligations are suspended. This change to § 523(a)(8) took effect on May 28, 1991, which is 180 days after November 29, 1990, the date of enactment of Pub.L. 101–647.

2. The Omnibus Budget Reconciliation Act of 1990, Pub.L. No. 101–508, § 3007(b), 104 Stat. 1388, which was signed by President Bush on November 5, 1990, amends § 1328(a)(2) of Title

11 by adding a reference to § 523(a)(8). Consequently, for a debtor to discharge a student loan under § 1328(a), in cases filed after November 5, 1990, the conditions precedent specified in § 523(a)(8)(A) must be met. Additionally, another new exception to the Chapter 13 discharge was added by the Criminal Victims Protection Act of 1990, Pub.L. No. 101–581, § 3, 104 Stat. 2865 which excepts from discharge, in Chapter 13, a debt for restitution included in a sentence on the debtor's conviction of a crime. The effective date of this amendment was November 15, 1990, and does not apply to cases commenced before the date of enactment.

*States,* H.R.Doc.No. 93–137, 93rd Cong., 1st. Sess., pt. 2 at 140, n. 14 (1973).

The Report of the Committee on the Judiciary, House of Representatives, indicated its concern with a "few abuses of the bankruptcy laws by debtors with large amounts of educational loans, few other debts, and well-paying jobs, who have filed bankruptcy shortly after leaving school and before any loans became due, ..." H.R.Rep. No. 595, 95th Cong., 1st Sess., 133 (1977) reprinted in 1978, U.S.Code Cong. & Admin.News 5787, 6094.

This legislative history indicates a Congressional policy of excepting discharge in those inequitable situations where debtors with superior education and employment skills were intentionally abusing the fresh start policies afforded by the bankruptcy laws.

 The Bankruptcy Court has a duty to examine on a case-by-case basis whether the debtor has acted in good faith, and has broad discretion to prevent abuses of the liberal Chapter 13 discharge provisions. *In re Rimgale,* 669 F.2d 426, 428 (7th Cir. 1982); *In re Oliver,* 28 B.R. 420, 425 (Bankr.S.D. Ohio 1983). The good faith inquiry is the central, and perhaps the most important, finding to be made in any Chapter 13 proceeding. *See, In re Boyd,* 57 B.R. 410 (Bankr.N.D.Ill.1983).

The issue with which this Court must grapple is whether the debtors' Chapter 13 plan meets the good faith requirement of § 1325(a)(3) where that plan offers to pay 30% of a debt which would be nondischargeable in a Chapter 7 and the plan period is only 36 months. This issue is part and parcel of the policy underlying the Bankruptcy Code—the collection and distribution of the debtor's estate to creditors. *In re LeMaire,* 898 F.2d 1346 (8th Cir. 1990).

The Bankruptcy Code does not define good faith. The test for good faith in this Circuit was broadly set out in *Flygare v. Boulden,* 709 F2d 1344 (10th Cir.1983). The court concluded that a determination of the lack of good faith should be premised on the facts and circumstances of the particular case. Indeed, the majority of the circuits that have considered the good faith question agree that some of the factors a court might find meaningful in making a good faith assessment include an evaluation concerning whether the type of debt sought to be discharged is non-dischargeable in Chapter 7. *See Rimgale,* 669 F.2d 426.

 It is essential, however, in examining the facts of the case at hand, to examine the totality of the circumstances relating to the debtors' proposed plan. This is essential because "in the final analysis, good faith should be evaluated on a case-by-case basis in light of the structure and general purpose of the chapter 13". *In re Doersam,* 849 F.2d 237, 239 (6th Cir.1988). If the Court finds that the plan does not abuse the provisions, purpose or spirit of Chapter 13, after considering all the circumstances of the case, confirmation must be granted. The court's inquiry should focus on whether the debtors have acted equitably in proposing their Chapter 13 plan. *In re Greer,* 60 B.R. 547 (Bankr. C.D.Cal.1986). Stated more plainly, the Court must determine that the debtors are honest, sincerely seeking a fresh start and have no hidden agenda. *See In re Kourtakis,* 75 B.R. 183 (Bankr.E.D.Mich.1987).

 The creditor argues that the debtors have prospects of an increased income in the future. *In re Carver,* 110 B.R. 305 (Bankr. S.D.Ohio 1990). Currently, all the debtors' income is provided by Mr. Smith's salary. He has a degree in accounting and is employed as an accountant for Northwest Pipeline Corporation. Mrs. Smith is a full-time homemaker. The Court will note at the outset that many of the factors which reflect on the good faith of the debtors in regard to their plan are positive. The debtors' surplus of $181.16 results from a budget that does not seem to be inflated. The Chapter 13 payments utilize virtually the entire amount of the surplus. At the time of the hearing, Mr. Smith had been with Northwest for only ten months. He had obtained this employment shortly after finishing his degree in accounting. It is not too speculative to assume that this

debtor, within the period of the plan, will receive future salary adjustments. Since his employment with Northwest has just begun, the likelihood of substantial future increases would not be unreasonable. In fact, his testimony established that such increases were to be expected. Looking into the future, an improved financial picture is virtually guaranteed.

The good faith requirement for confirmation of a Chapter 13 plan cannot be met if the debtors are not putting forth their best efforts to repay creditors. The Court must find that the length of the plan is a relevant consideration. Ordinarily, a Chapter 13 plan is to last no longer than three years. 11 U.S.C. § 1322(c). Where a Chapter 13 plan involves a debt which potentially would be nondischargeable in a Chapter 7, courts have found that to be adequate cause to extend plans beyond three years. *In re Chase,* 43 B.R. 739 (D.C.Md.1984); *In re Williams,* 42 B.R. 474 (Bankr.E.D.Ark.1984); *Matter of Keiser,* 35 B.R. 496 (Bankr.Del.1983); *In re Todd,* 65 B.R. 249 (Bankr.N.D.Ill.1986); *In re Dalby,* 38 B.R. 107 (Bankr.D.Utah 1984).

The debtors are proposing a 36 month plan. It is clear that the focus of the theory contained in the legislative history is the prevention of "abuse". It is important that the inquiry into the good faith of the debtor examines the debtors' ability to repay the loans in question. Have the loans enabled the debtor to earn a potential income with the likelihood of substantial increases? The answer is clearly "yes". We have a highly educated debtor filing for bankruptcy relief to avoid his student loan obligations. Based on the circumstances of Mr. Smith's employment potential, a 60 month plan is imperative in order for these debtors to meet the good faith requirement for confirmation.

Confirmation is therefore denied.